1  LEE A. MORRISON  (SBN #95676)
   Union Bank of California Building
2  530 "B" Street, Suite 1410
3  San Diego, CA  92101-4479
   Tel:  (619) 235-2133
4  Fax: (619) 235-4508

5  Attorney for Defendant
6  CRESCENT ELECTRIC SUPPLY COMPANY

7

8                  UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA  08 CV 0243 DMS CAB
10

11  ELIZABETH MONTIEL, an individual,      )   No. _____
12                                         )
              Plaintiff,                   )   **NOTICE OF REMOVAL OF ACTION**
13                                         )   **UNDER 28 U.S.C. §1441(b)**
        vs.                                )   **(DIVERSITY)**
14                                         )
15  CRESCENT ELECTRIC SUPPLY               )
    COMPANY, a corporation; and            )
16  DOES 1 through 25, inclusive,          )
                                           )
17            Defendants.                  )
18  _____  )

19        TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20        PLEASE TAKE NOTICE that Defendant CRESCENT ELECTRIC SUPPLY COMPANY,

21  hereby removes to this Court the state court action described below.

22        1.     On January 4, 2008, an action was commenced in the Superior Court of the State of

23  California in and for the County of San Diego, North County Regional Center, entitled *Elizabeth

24  Montiel vs. Crescent Electric Supply Company, et al.,* as Case No. 37-2008-00088094-CU-OE-NC.

25  A copy of the Complaint is attached hereto as Exhibit "A".

26        2.     The first date upon which Defendant CRESCENT ELECTRIC SUPPLY

27  COMPANY received a copy of said Complaint was January 9, 2008 when Defendant's employee

28  (Tracey Standen) received a copy of the said Complaint and a Summons from the said state court.

Crescent – USDC NO REM.doc

                                    1

Lee A. Morrison
530 "B" Street, Suite 1410
San Diego, CA 92101-4479
(619) 235-2133

FILED
2008 FEB -7  PM 12: 34
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1  A copy of the Summons is attached hereto as Exhibit "B".  The Summons and Complaint was not
2  served on that date, nor has it ever been actually served.

3      3.    This action is a civil action of which this Court has original jurisdiction under
4  28 U.S.C. §1441(b) in that it is a civil action between citizens of different states and the matter in
5  controversy exceeds the sum of $75,000, exclusive of interest and costs, because the face of the
6  Complaint alleges employment-related claims giving rise to the following damages:

7          (a)    "(l)ost wages, salary, employment benefits, and additional
8              amounts of money (plaintiff) would have received" in the
9              absence of the alleged unlawful conduct;

10          (b)    the loss of "employment-related opportunities" including
11              experience as a lighting project manager;

12          (c)    "(e)motional and physical distress including, but not
13              limited to, sleeplessness, worry, stress, crying, anxiety,
14              tension, agitation, panic, depression, loneliness, feelings of
15              helplessness, frustration, fear, isolation, being
16              overwhelmed ..." and

17          (d)    physical injuries including, but not limited to "headaches,
18              high blood pressure, nausea, diarrhea, heart palpitations and
19              hair loss."

20  Additionally, Plaintiff claims punitive damages.

21      4.    Defendant is informed and believes that Plaintiff ELIZABETH MONTIEL was, and
22  still is, a citizen of the State of California.   Defendant CRESCENT ELECTRIC SUPPLY
23  COMPANY was, at the time of the filing of this action, and still is, a corporation incorporated
24  under the laws of the State of Delaware, having its principal place of business in the State of
25  Illinois, and is the only Defendant that has received a Summons and Complaint in this action.  (All
26  other Defendants are fictitious defendants designated DOES 1 through 25)

27  / / /

28  / / /

Crescent – USDC NO REM.doc

2

*Lee A. Morrison*
530 "B" Street, Suite 1410
San Diego, CA 92101-4479
(619) 235-2133

1    5.    A copy of Defendant's Answer, filed in the Superior Court action, is attached hereto

2  as Exhibit "C".

3

4  Dated: February 6, 2008

5                                     LEE A. MORRISON
                                      Attorney for Defendant
6                                     CRESCENT ELECTRIC SUPPLY
                                         COMPANY
7

*Lee A. Morrison*
530 "B" Street, Suite 1410
San Diego, CA 92101-4479
(619) 235-2133

Crescent – USDC NO REM.doc

3

1    JOSEPH P. ZAMPI, ESQ. # 110168
     GERALD B. DETERMAN, ESQ. # 134905
2    CHRISTOPHER B. DeSAULNIERS, ESQ. # 213934
     Law Firm of Zampi and Associates
3    225 Broadway, Suite 1450
     San Diego, California 92101
4    Telephone: (619) 231-9920
     Facsimile:  (619) 231-8529

6    Attorneys for Plaintiff,
     Elizabeth Montiel

**FILED**
NORTH COUNTY DIVISION

2008 JAN -4 PM 4: 17

(1)
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO (NORTH COUNTY)

| | |
|---|---|
| ELIZABETH MONTIEL, an individual, | ) CASE NO.  37-2008-00088094-CU-OE-NC |
|        Plaintiff, | ) COMPLAINT FOR FAILURE TO PROVIDE |
| | ) LEAVE PURSUANT TO THE CALIFORNIA |
|    vs. | ) FAMILY RIGHTS ACT, RETALIATORY |
| | ) DISCRIMINATION AND DISCHARGE IN |
| CRESCENT ELECTRIC SUPPLY COMPANY, a | ) VIOLATION OF CALIFORNIA FAMILY |
| corporation; and DOES 1 through 25, inclusive, | ) RIGHTS ACT, RETALIATORY |
| | ) DISCRIMINATION AND DISCHARGE IN |
|        Defendants. | ) VIOLATION OF PREGNANCY DISABILITY |
| | ) LEAVE, SEX DISCRIMINATION, NEGLIGENT |
| | ) SUPERVISION AND RETENTION, TORTIOUS |
| | ) DISCHARGE IN VIOLATION OF PUBLIC |
| | ) POLICY, FAILURE TO ENGAGE IN THE |
| | ) INTERACTIVE PROCESS IN GOOD FAITH, |
| | ) FAILURE TO ACCOMMODATE CONDITIONS |
| | ) RELATED TO PREGNANCY CHILDBIRTH OR |
| | ) RELATED MEDICAL CONDITIONS, |
| | ) NEGLIGENT INFLICTION OF EMOTIONAL |
| | ) DISTRESS |

Plaintiff Elizabeth Montiel (hereafter "Ms. Montiel") alleges:

### INTRODUCTORY ALLEGATIONS

     1.     Ms. Montiel is an adult person residing at all times mentioned herein in the County of San Diego, State of California. The wrongful or illegal acts complained of herein occurred in San Diego County.

EXHIBIT____"A"____

2.      Defendant Crescent Electric Supply Company (hereafter "CESCO") is a corporation conducting business at 2580 Progress Street, Vista, CA 92083, regularly employs five or more persons, and is subject to suit under the California Fair Employment and Housing Act (hereafter "FEHA").

3.      Ms. Montiel is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 25, inclusive, and therefore sues these Defendants by such fictitious names. Ms. Montiel will amend this Complaint to allege their true names and capacities of said Defendants when they are ascertained. Ms. Montiel is informed and believes and thereon alleges that each said fictitiously named Defendant is responsible in some manner for the occurrences herein alleged, and that Ms. Montiel's injuries and damages as herein alleged were proximately caused by their acts. Whenever appearing in this complaint, each and every reference to Defendants, or to any of them, is intended to be and shall be a reference to all the Defendants hereto and each of them, named and unnamed, including all fictitiously-named Defendants, unless said reference is otherwise specifically qualified that the allegation specifically refers only to a particular defendant. Ms. Montiel will seek leave of this Court to amend this Complaint to set forth the true capacity of same Defendant when the same has been ascertained.

4.      Ms. Montiel is informed and believes and based thereon alleges that the aforementioned DOES are responsible for the acts alleged herein as the agents, employers, representatives, or employees of other named Defendants, and in doing the acts alleged herein were acting within the scope of their agency, employment or representative capacity of said named Defendants, or of each other.

5.      Ms. Montiel is informed and believes and based thereon alleges that each of the Defendants named herein is the agent, employer, representative or employee of the other named Defendants, and in performing the acts herein alleged was acting within the course and scope of such employment, agency or representative capacity and is therefore responsible for the acts described herein.

6.      The tortious acts and omissions alleged to have occurred herein were performed by Defendants or supervisors, managerial employees, or agents of Defendants, and said acts were also authorized or ratified by managing agents and/or directors of, or were the policy of, Defendants.

7.      The acts of Defendants were outrageous, and conducted with malice and with a conscious disregard of Ms. Montiel's rights, so as to justify the imposition of punitive damages in an amount to be shown according to proof at trial.

## SPECIFIC FACTUAL ALLEGATIONS

8.    At the time of the wrongful or illegal acts by Defendants, Ms. Montiel was pregnant with or had just given birth to her daughter, Alyssa. Defendants knew that Ms. Montiel was pregnant or had just given birth and that she was taking care of her very premature baby.

9.    From on or about August 9, 2004 until on or about April 10, 2007, Defendants employed Ms. Montiel as an "Administrative Assistant" and subsequently a "Lighting Project Manager," who worked with clients to ensure order completion. Ms. Montiel substantially performed her job duties while working for Defendants.

10.    On or about October 12, 2006, Ms. Montiel was put on bed rest because of her pregnancy.

11.    On or after November 2, 2006 Defendants mailed to Ms. Montiel a copy of a November 2, 2006 memorandum from Defendants to Jeff Hoyt, Branch Manager, which stated that Ms. Montiel had requested a leave of absence. The memorandum also stated that Ms. Montiel qualified for leave of up to 12-weeks. Furthermore, Defendant CESCO's "policy allows you [the Branch Manager or Supervisor] to extend a disability leave for a total period of 180 days." A line was checked which stated: "Elizabeth Montiel disability [sic] leave can be extended, if medically necessary, up to a total of 180 days. (Can't exceed 180 days)" and was signed by an unidentified person on the signature line designated "Branch Manager or Supervisor."

12.    On or about November 15, 2006, Ms. Montiel received a letter from Defendants and signed by Defendant CESCO's Payroll and Insurance Clerk, Kerry Habel, which stated that although Ms. Montiel's position is normally protected for a period of 45-days, her branch manager/supervisor had extended her leave to 180 days if medically necessary. Therefore, according to the letter, Defendants anticipated her returning to her regular work schedule by April 9, 2007. However, the letter continued, if she did not resume working within 180 days, "we will conclude that you have terminated your employment." The letter further stated to "contact Steve Redfearn, Payroll & Benefits Manager, or myself if you have any questions."

13.    On or about December 21, 2006, Ms. Montiel telephoned Mr. Hoyt informing him that she would be unable to return to work on April 9, 2007 because she was due to give birth on or about

1  April 27, 2007. Mr. Hoyt told Ms. Montiel that he would call Defendant CESCO's corporate office
2  "himself" and have them provide Ms. Montiel with maternity leave once Ms. Montiel's disability leave
3  ended.

4      14.    On or about February 20, 2007, Mr. Hoyt wrote a letter of recommendation for Ms.
5  Montiel which stated: "Elizabeth Montiel has been employed by Crescent Electric Supply since August
6  9, 2004. She is a project specialist in our lighting department. She is a regular employee that works a
7  minimum of 40 hours a week. She is a very competent and valued employee...."

8      15.    On February 28, 2007, Ms. Montiel's daughter, Alyssa, was born 8 weeks premature. She
9  weighed 2 pounds, 2 ounces.

10     16.    On or about March 4, 2007, Ms. Montiel was discharged from the hospital. Her doctor
11  told her to take 6-8 weeks to rest.

12     17.    On or about March 8, 2007, Ms. Montiel's incision became infected.

13     18.    On or about March 9, 2007, Ms. Montiel telephoned Mr. Brian Kopp from Human
14  Resources and asked that her daughter be put on her insurance. Ms. Montiel also spoke to Mr. Hoyt and
15  told him that Alyssa was to be kept in the hospital for four weeks. Mr. Hoyt said that he would get a
16  temporary employee to help while Ms. Montiel was out.

17     19.    On or about March 27, 2007, Defendants mailed a letter to Ms. Montiel stating that since
18  she is adding her daughter to her insurance, more premiums will need to be deducted from her pay.

19     20.    On or about March 31, 2007, Ms. Montiel's daughter, Alyssa, was discharged from the
20  hospital.

21     21.    On or about April 6, 2007, Ms. Montiel spoke to Mr. Hoyt about Alyssa's serious health
22  conditions. Mr. Hoyt told her to take as much time off as she needed and that her job would be
23  protected.

24     22.    Ms. Montiel's disability ended on or about April 30, 2007. Ms. Montiel was ready and
25  able to return to work but because Mr. Hoyt had told her to take as long as she needed, and because her
26  daughter continued to have a serious medical condition, Ms. Montiel did not return to work that day.

27     23.    Without hearing anything from Defendants after her April 6, 2007 telephone conference
28  with Mr. Hoyt, in which he said to take as much time off as she needed and that her job would be

1  protected, Ms. Montiel learned when she went for a doctor's appointment on or about May 7, 2007, that

2  her insurance had been cancelled.

3      24.    On or about May 8, 2007, Defendants mailed a letter to Ms. Montiel stating she owed

4  $870.30 for six months of medical premiums. The letter also stated that: "[y]our position with Crescent

5  was protected for a period of 180-days while you were absent due to a medical illness or injury. As

6  stated in the letter sent November 15, 2006, your employment with us was protected thru 04/09/07."[1]

7      25.    On or about May 14, 2007, Defendants mailed a letter to Ms. Montiel regarding COBRA.

8  Because Ms. Montiel was not working, she could not afford to pay for COBRA.

9      26.    On August 2, 2007, September 24, 2007, and October 29, 2007, and within one year of the

10  date of the discrimination committed by Defendants, Ms. Montiel filed a charge with the California

11  Department of Fair Employment and Housing (hereinafter "DFEH") against Defendants. DFEH issued

12  to Ms. Montiel right-to-sue letters against Defendants on or about August 6, 2007, September 26, 2007,

13  and October 29, 2007, which were served on Defendants on or about August 9, 2007, October 5, 2007,

14  October 8, 2007, and November 20, 2007.

15  

**FIRST CAUSE OF ACTION**
**(Failure to Provide Leave Pursuant to the California Family Rights Act)**
**(Against All Defendants)**

16  

17      27.    Ms. Montiel hereby incorporates by reference each and every allegation contained in

18  Paragraphs 1 through 26 above.

19      28.    Ms. Montiel was disabled by pregnancy starting October 12, 2006. Pursuant to

20  California's Pregnancy Disability Leave (hereafter "PDL"), she was authorized to be on PDL for up to

21  four months, until February 11, 2007. She then was eligible for a 12-week leave pursuant to the

22  California Family Rights Act (hereafter "CFRA"). Defendants were aware of Ms. Montiel's pregnancy

23  disability and eligibility for CFRA.

24      29.    Ms. Montiel's 12-week CFRA leave should have started on February 12, 2007. Thus, the

25  final day of her 12-week CFRA leave would have been May 6, 2007. However, Defendants terminated

26

27  _____

28  [1] Ms. Montiel's actual date of termination is unclear. Documents state that it was either April 9 or 10, 2007.

5
COMPLAINT

1    Ms. Montiel's employment without notice effective April 9, 2007. Therefore, Defendants failed to

2    provide Ms. Montiel with her statutorily authorized 12-weeks of CFRA leave.

3         30.    Defendants' actions were unlawful because California Government Code section 12945.2

4    provides that an employer shall grant an eligible employee up to 12 workweeks in any 12 month period,

5    which is separate and distinct from the PDL pursuant to Government Code section 12945. Furthermore,

6    California Code of Regulations, title 2, section 7297.6, entitled "Relationship between CFRA Leave and

7    Pregnancy Disability Leave," provides that the "maximum possible combined leave entitlement for both

8    pregnancy disability leave...and CFRA leave for reason of the birth of the child...is four months and 12

9    workweeks."

10         31.    As a proximate result of Defendants' actions against Ms. Montiel, as alleged above, Ms.

11    Montiel has been harmed in that Ms. Montiel has suffered and continues to suffer damages in the form of

12    lost wages, salary, employment benefits, and additional amounts of money Ms. Montiel would have

13    received if Defendants had provided Ms. Montiel 12-weeks of CFRA leave. As a result of such denial

14    and consequent harm, Ms. Montiel has suffered such damages in an amount according to proof.

15         32.    As a further proximate result of Defendant's actions against Ms. Montiel, as alleged

16    above, Ms. Montiel has been harmed in that Ms. Montiel has suffered the intangible loss of such

17    employment-related opportunities as experience in the Lighting Project Manager position. As a result of

18    Defendants' actions and consequent harm, Ms. Montiel has suffered such damages in an amount

19    according to proof.

20         33.    As a further proximate result of Defendants' actions against Ms. Montiel, as alleged

21    above, Ms. Montiel has been harmed in that Ms. Montiel has suffered from emotional and physical

22    distress including, but not limited to, sleeplessness, worry, stress, crying, anxiety, tension, agitation,

23    panic, depression, loneliness, feelings of helplessness, frustration, fear, isolation, being overwhelmed,

24    and has been injured in mind and body. Such injuries include, but are not limited to, headaches, high

25    blood pressure, nausea, diarrhea, heart palpitations and hair loss. As a result of such harm, Ms. Montiel

26    has suffered such damages in an amount to be determined according to proof at trial.

27         34.    In doing the acts herein alleged, Defendants acted with malice, fraud, or oppression, and

28    with a conscious disregard of Ms. Montiel's rights under the CFRA. Specifically, Defendants

1   intentionally failed to provide 12-weeks of CFRA leave.  As such, Ms. Montiel is entitled to exemplary

2   and punitive damages from Defendants in an amount sufficient to punish Defendants and to deter such

3   wrongful conduct in the future.

4        35.    Ms. Montiel is further entitled to attorney's fees and costs of suit pursuant to Government

5   Code section 12965.

6                            SECOND CAUSE OF ACTION
    (Retaliatory Discrimination and Discharge in Violation of California Family Rights Act)
7                             (Against All Defendants)

8        36.    Ms. Montiel hereby incorporates by reference each and every allegation contained in

9   Paragraphs 1 through 35 above.

10       37.    Ms. Montiel was eligible for and attempted to take a 12-week CFRA leave from on or

11  about February 12, 2007 through on or after May 6, 2007.

12       38.    Defendants retaliated against Ms. Montiel by first assuring her that she would have the

13  leave, subsequently failed to provide 12-weeks of CFRA leave, and then terminated Ms. Montiel's

14  employment because she exercised her rights under the CFRA.  Ms. Montiel bases this conclusion on the

15  fact that (1) she informed Defendant CESCO, through its agent Mr. Hoyt, that the time off provided by

16  Defendant CESCO, which was until April 9, 2007, was insufficient; (2) she then began her 12-week

17  CFRA leave on February 12, 2007 which should have lasted until May 6, 2007; (3) on or about March 9,

18  2007, Mr. Hoyt told Ms. Montiel that he would be hiring a temporary employee to assist him until Ms.

19  Montiel returned; (4) on or about April 6, 2007, Mr. Hoyt told Ms. Montiel that her job was protected for

20  as long as she needed; and, (5) however, Defendants unlawfully terminated Ms. Montiel's employment

21  on April 10, 2007, before she completed her CFRA leave.

22       39.    Defendants' actions were unlawful because California Government Code section 12945.2

23  provides that an employer shall grant an employee up to 12 workweeks in any 12 month period, and it

24  shall be an unlawful employment practice to discriminate or discharge an individual because of the

25  individual's exercise of the right to use CFRA.

26       40.    As a proximate result of Defendants' discriminatory and retaliatory actions against Ms.

27  Montiel, as alleged above, Ms. Montiel has been harmed in that Ms. Montiel has suffered and continues

28  to suffer damages in the form of lost wages, salary, employment benefits, and additional amounts of

1   money Ms. Montiel would have received if Defendants had not unlawfully retaliated against or

2   terminated Ms. Montiel's employment for use of the CFRA.  As a result of such retaliation and

3   consequent harm, Ms. Montiel has suffered such damages in an amount according to proof.

4       41.   As a further proximate result of Defendants' retaliatory actions against Ms. Montiel, as

5   alleged above, Ms. Montiel has been harmed in that Ms. Montiel has suffered the intangible loss of such

6   employment-related opportunities as experience in the Lighting Project Manager position.  As a result of

7   such retaliation and consequent harm, Ms. Montiel has suffered such damages in an amount according to

8   proof.

9       42.   As a further proximate result of Defendants' discriminatory and retaliatory actions against

10  Ms. Montiel, as alleged above, Ms. Montiel has been harmed in that Ms. Montiel has suffered from

11  emotional and physical distress including, but not limited to, sleeplessness, worry, stress, crying, anxiety,

12  tension, agitation, panic, depression, loneliness, feelings of helplessness, frustration, fear, isolation, being

13  overwhelmed, and has been injured in mind and body.  Such injuries include, but are not limited to,

14  headaches, high blood pressure, nausea, diarrhea, heart palpitations and hair loss.  As a result of such

15  retaliation and consequent harm, Ms. Montiel has suffered such damages in an amount to be determined

16  according to proof at trial.

17      43.   In doing the acts herein alleged, Defendants acted with malice, fraud, or oppression, and

18  with a conscious disregard of Ms. Montiel's rights under CFRA.  Specifically, Defendants intentionally

19  refused to provide CFRA leave and unlawfully terminated her employment in retaliation for exercising

20  her rights under the CFRA.  As such, Ms. Montiel is entitled to exemplary and punitive damages from

21  Defendants in an amount sufficient to punish Defendants and to deter such wrongful conduct in the

22  future.

23      44.   Ms. Montiel is further entitled to attorney's fees and costs of suit pursuant to Government

24  Code section 12965.

25               **THIRD CAUSE OF ACTION**

26  **(Retaliatory Discrimination and Discharge in Violation of Pregnancy Disability Leave)**
                     **(Against All Defendants)**

27      45.   Ms. Montiel hereby incorporates by reference each and every allegation contained in

28  Paragraphs 1 through 44 above.

1       46.    Ms. Montiel was on PDL from October 12, 2007 until February 11, 2007. Ms. Montiel

2   then attempted to take a 12-week CFRA leave from on or after February 12, 2007 through on or after

3   May 6, 2007.

4       47.    Defendants retaliated against Ms. Montiel for her exercise of her rights to PDL by first

5   assuring Ms. Montiel that she would have leave following the PDL, subsequently failing to provide 12-

6   weeks of CFRA leave, and terminating Ms. Montiel's employment.  Ms. Montiel bases this conclusion

7   on the fact that (1) she informed Defendant CESCO, through its agent Mr. Hoyt, that the time off

8   provided by Defendant CESCO, which was until April 9, 2007, was insufficient; (2) she began her 12-

9   week CFRA leave on February 12, 2007 which should have lasted until May 6, 2007; (3) on or about

10  March 9, 2007, Mr. Hoyt told Ms. Montiel that he would be hiring a temporary employee to assist him

11  until Ms. Montiel returned; (4) on or about April 6, 2007, Mr. Hoyt told Ms. Montiel that her job was

12  protected for as long as she needed; and, (5) however, Defendants unlawfully terminated Ms. Montiel's

13  employment on April 9, 2007, before she completed her CFRA leave, which began immediately after her

14  PDL.

15      48.    Defendants' actions were unlawful because California Government Code section 12940

16  provides that it is an unlawful employment practice to discriminate against an employee because of her

17  pregnancy in compensation or in terms, conditions, or privileges of employment.  (Gov. Code, §§

18  12940(a) and 12926(p).)  Furthermore, California Code of Regulations, title 2, section 7291.5 provides

19  that it is unlawful for any employer, because of pregnancy of an employee, to retaliate against the

20  employee because of the exercise of her rights to take a PDL.

21      49.    As a proximate result of Defendants' discriminatory and retaliatory actions against Ms.

22  Montiel, as alleged above, Ms. Montiel has been harmed in that Ms. Montiel has suffered and continues

23  to suffer damages in the form of lost wages, salary, employment benefits, and additional amounts of

24  money Ms. Montiel would have received if Defendants had provided not unlawfully retaliated against or

25  terminated Ms. Montiel's employment for use of PDL.  As a result of such retaliation and consequent

26  harm, Ms. Montiel has suffered such damages in an amount according to proof.

27      50.    As a further proximate result of Defendant's retaliatory actions against Ms. Montiel, as

28  alleged above, Ms. Montiel has been harmed in that Ms. Montiel has suffered the intangible loss of such

1  employment-related opportunities as experience in the Lighting Project Manager position.  As a result of

2  such retaliation and consequent harm, Ms. Montiel has suffered such damages in an amount according to

3  proof.

4          51.     As a further proximate result of Defendants' discriminatory and retaliatory actions against

5  Ms. Montiel, as alleged above, Ms. Montiel has been harmed in that Ms. Montiel has suffered from

6  emotional and physical distress including, but not limited to, sleeplessness, worry, stress, crying, anxiety,

7  tension, agitation, panic, depression, loneliness, feelings of helplessness, frustration, fear, isolation, being

8  overwhelmed, and has been injured in mind and body.  Such injuries include, but are not limited to,

9  headaches, high blood pressure, nausea, diarrhea, heart palpitations and hair loss.  As a result of such

10  retaliation and consequent harm, Ms. Montiel has suffered such damages in an amount to be determined

11  according to proof at trial.

12          52.     In doing the acts herein alleged, Defendants acted with malice, fraud, or oppression, and

13  with a conscious disregard of Ms. Montiel's rights under PDL.  Specifically, Defendants intentionally

14  refused to provide CFRA leave and unlawfully terminated her employment in retaliation for exercising

15  her rights under the PDL.  As such, Ms. Montiel is entitled to exemplary and punitive damages from

16  Defendants in an amount sufficient to punish Defendants and to deter such wrongful conduct in the

17  future.

18          53.     Ms. Montiel is further entitled to attorney's fees and costs of suit pursuant to Government

19  Code section 12965.

                          **FOURTH CAUSE OF ACTION**
20                               **(Sex Discrimination)**
21                             **(Against All Defendants)**

22          54.     Ms. Montiel hereby incorporates by reference each and every allegation contained in

23  Paragraphs 1 through 53 above.

24          55.     Ms. Montiel was on pregnancy disability leave from October 12, 2007 until February 11,

25  2007. Ms. Montiel attempted to take a 12-week CFRA leave from on or after February 12, 2007 through

26  on or after May 6, 2007.

27          56.     Defendants first assured her that she would have the requested time off, then failed to

28  provide the time off, and was terminated from her employment, because of her pregnancy.  Ms. Montiel

1  bases this conclusion on the fact that (1) she informed Defendant CESCO, through its agent Mr. Hoyt,
2  that the time off provided by Defendant CESCO, which was until April 9, 2007, was insufficient; (2) she
3  began her 12-week CFRA leave on February 12, 2007 which should have lasted until May 6, 2007; (3)
4  on or about March 9, 2007, Mr. Hoyt told Ms. Montiel that he would be hiring a temporary employee to
5  assist him until Ms. Montiel returned; (4) on or about April 6, 2007, Mr. Hoyt told Ms. Montiel that her
6  job was protected for as long as she needed; and, (5) however, Defendants unlawfully terminated Ms.
7  Montiel's employment on April 9, 2007, before she completed her CFRA leave, which began
8  immediately after her PDL.

9      57.    Defendants' actions were unlawful because pregnancy discrimination is a form of sex
10  discrimination under article 1, section 8 of the California Constitution and FEHA. (*Badih v. Myers*
11  (1995) 36 Cal.App.4th 1289, 1296 and Cal. Code Regs., tit. 5, § 7291.5.)

12      58.    As a proximate result of Defendants' discriminatory actions against Ms. Montiel, as
13  alleged above, Ms. Montiel has been harmed in that Ms. Montiel has suffered and continues to suffer
14  damages in the form of lost wages, salary, employment benefits, and additional amounts of money Ms.
15  Montiel would have received if Defendants had provided not unlawfully discriminated against her based
16  on sex. As a result of such discrimination and consequent harm, Ms. Montiel has suffered such damages
17  in an amount according to proof.

18      59.    As a further proximate result of Defendant's discriminatory actions against Ms. Montiel,
19  as alleged above, Ms. Montiel has been harmed in that Ms. Montiel has suffered the intangible loss of
20  such employment-related opportunities as experience in the Lighting Project Manager position. As a
21  result of such discrimination and consequent harm, Ms. Montiel has suffered such damages in an amount
22  according to proof.

23      60.    As a further proximate result of Defendants' discriminatory actions against Ms. Montiel,
24  as alleged above, Ms. Montiel has been harmed in that Ms. Montiel has suffered from emotional and
25  physical distress including, but not limited to, sleeplessness, worry, stress, crying, anxiety, tension,
26  agitation, panic, depression, loneliness, feelings of helplessness, frustration, fear, isolation, being
27  overwhelmed, and has been injured in mind and body. Such injuries include, but are not limited to,
28  headaches, high blood pressure, nausea, diarrhea, heart palpitations and hair loss. As a result of such

1   discrimination and consequent harm, Ms. Montiel has suffered such damages in an amount to be

2   determined according to proof at trial.

3         61.    In doing the acts herein alleged, Defendants acted with malice, fraud, or oppression, and

4   with a conscious disregard of Ms. Montiel's rights under article 1, section 8, of the California

5   Constitution and FEHA. (See *Badih v. Myers* (1995) 36 Cal.App.4th 1289, 1296 and Cal. Code Regs.,

6   tit. 5, § 7291.5.) Specifically, Defendants intentionally refused to provide CFRA leave and unlawfully

7   terminated her employment because of her pregnancy. As such, Ms. Montiel is entitled to exemplary and

8   punitive damages from Defendants in an amount sufficient to punish Defendants and to deter such

9   wrongful conduct in the future.

10         62.    Ms. Montiel is further entitled to attorney's fees and costs of suit pursuant to Government

11   Code section 12965.

12   

**FIFTH CAUSE OF ACTION**
**(Negligent Supervision and Retention)**
**(Against All Defendants)**

13

14         63.    Ms. Montiel hereby incorporates by reference each and every allegation contained in

15   Paragraphs 1 through 62 above.

16         64.    Ms. Montiel is informed and believes and thereon alleges that, in doing the acts as

17   heretofore alleged, Defendants knew, or in the exercise of reasonable diligence should have known, that

18   Ms. Montiel's supervisor, Mr. Hoyt, was neither qualified nor able to a) advise Ms. Montiel regarding, or

19   b) grant PDL or CFRA leave to Ms. Montiel. Defendants should have also known that an undue risk to

20   persons such as plaintiff would exist because of Mr. Hoyt's lack of ability to a) advise regarding and b)

21   grant leave under PDL or CFRA unless Defendants adequately trained and supervised Mr. Hoyt in the

22   exercise of the tasks of his employment. As such, Defendants negligently supervised and retained Mr.

23   Hoyt.

24         65.    Notwithstanding the knowledge that Mr. Hoyt was neither qualified nor able to a) advise

25   Ms. Montiel regarding, or b) grant PDL or CFRA leave to Ms. Montiel, Defendants did not adequately

26   train or supervise Mr. Hoyt in his performance of advising regarding or granting PDL or CFRA leave.

27         66.    Despite this advance knowledge, Defendants allowed Mr. Hoyt to a) advise employees

28   regarding or b) grant PDL or CFRA leave in conscious disregard of the rights of others.

12
COMPLAINT

67.    Defendants had a duty of care pursuant to Defendants' policies and the law to ensure that Mr. Hoyt did not violate employees' rights under the PDL and CFRA. Part of Defendants' duty included the supervision of employees and compliance with these laws.

68.    Nevertheless, Defendants breached that duty by failing to properly supervise the implementation of these laws and by allowing supervisor employees such as Mr. Hoyt to participate in the violation of these laws.

69.    The failure of Defendants to adequately train and supervise Mr. Hoyt was the proximate cause of Ms. Montiel's injury in that Ms. Montiel relied on Mr. Hoyt's statements that her job with Defendants was "safe" and that she could take as much time as she needed.

70.    As a proximate result of Defendants' negligent supervision of Mr. Hoyt, as alleged above, Ms. Montiel has been harmed in that Ms. Montiel has suffered and continues to suffer damages in the form of lost wages, salary, employment benefits, and additional amounts of money Ms. Montiel would have received if Defendants had not negligently supervised and retained Mr. Hoyt. As a result of such negligent supervision and retention, Ms. Montiel has suffered such damages in an amount according to proof.

71.    As a further proximate result of Defendants' negligent supervision and retention, as alleged above, Ms. Montiel has been harmed in that Ms. Montiel has suffered the intangible loss of such employment-related opportunities as experience in the Lighting Project Manager position. As a result of such negligent supervision and retention, Ms. Montiel has suffered such damages in an amount according to proof.

72.    As a further proximate result of Defendants' negligent supervision and retention, as alleged above, Ms. Montiel has been harmed in that Ms. Montiel has suffered from emotional and physical distress including, but not limited to, sleeplessness, worry, stress, crying, anxiety, tension, agitation, panic, depression, loneliness, feelings of helplessness, frustration, fear, isolation, being overwhelmed, and has been injured in mind and body. Such injuries include, but are not limited to, headaches, high blood pressure, nausea, diarrhea, heart palpitations and hair loss. As a result of such negligent supervision and retention, Ms. Montiel has suffered such damages in an amount to be determined according to proof at trial.

73.   As a result of Defendants' conscious disregard of Ms. Montiel's rights, Ms. Montiel is entitled to exemplary and punitive damages from Defendants in an amount sufficient to punish Defendants and to deter such wrongful conduct in the future.

74.   Ms. Montiel is further entitled to attorney's fees and costs of suit, in an amount the Court determines to be reasonable as authorized by the provisions of Code of Civil Procedure section 1021.5, as well as other applicable provisions.

**SIXTH CAUSE OF ACTION**
(Tortious Discharge In Violation of Public Policy)
(Against All Defendants)

75.   Ms. Montiel hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 74 of her Complaint as though fully set forth herein.

76.   On or about August 9, 2004, Ms. Montiel was hired by Defendant CESCO and was eventually promoted to Lighting Project Manager.

77.   On or about October 12, 2006 Ms. Montiel was put on PDL by her doctor because she was pregnant. Defendants subsequently informed her that she would be required to return to work April 9, 2007. Ms. Montiel notified Defendant CESCO, through its agent Mr. Hoyt, that she needed more time, which Mr. Hoyt approved. Ms. Montiel subsequently began her CFRA leave, for which she was eligible. However, Defendants unlawfully terminated Ms. Montiel's employment because she was pregnant, and took PDL and CFRA leave.

78.   Defendants' actions were unlawful because unlawful discrimination in violation of the California Constitution, the FEHA, the PDL, and CFRA are violations of public policy.

79.   As a proximate result of Plaintiff's conduct as described in Paragraph 77 above, and in violation of public policy as set forth in Paragraph 78, above, Defendants terminated Ms. Montiel's employment on April 9, 2007 because of pregnancy and her exercise of her rights under PDL and CFRA.

80.   As a proximate result of Defendants' discriminatory actions against Ms. Montiel, as alleged above, Ms. Montiel has been harmed in that Ms. Montiel has suffered and continues to suffer damages in the form of lost wages, salary, employment benefits, and additional amounts of money Ms. Montiel would have received if Ms. Montiel's employment had not been unlawfully terminated by

14
COMPLAINT

1   Defendants. As a result of such discrimination and consequent harm, Ms. Montiel has suffered such

2   damages in an amount according to proof.

3       81.    As a further proximate result of Defendants' discriminatory actions against Ms. Montiel,

4   as alleged above, Ms. Montiel has been harmed in that Ms. Montiel has suffered the intangible loss of

5   such employment-related opportunities as experience in the Lighting Project Manager position. As a

6   result of such discrimination and consequent harm, Ms. Montiel has suffered such damages in an amount

7   according to proof.

8       82.    As a further proximate result of Defendants' discriminatory actions against Ms. Montiel,

9   as alleged above, Ms. Montiel has been harmed in that Ms. Montiel has suffered from emotional and

10  physical distress including, but not limited to, sleeplessness, worry, stress, crying, anxiety, tension,

11  agitation, panic, depression, loneliness, feelings of helplessness, frustration, fear, isolation, being

12  overwhelmed, and has been injured in mind and body. Such injuries include, but are not limited to,

13  headaches, high blood pressure, nausea, diarrhea, heart palpitations and hair loss. As a result of such

14  discrimination and consequent harm, Ms. Montiel has suffered such damages in an amount to be

15  determined according to proof at trial.

16      83.    In doing the acts set forth above, Defendants knew that Ms. Montiel was pregnant and had

17  exercised her rights under the CFRA and PDL. Notwithstanding this knowledge, Defendants despicably

18  subjected Ms. Montiel to cruel and unjust hardship in conscious disregard of Ms. Montiel's rights by, for

19  example, terminating Ms. Montiel's employment after almost three years of loyal service.

20      84.    Defendants authorized and ratified the conduct of Ms. Habel by instructing her to send the

21  May 8, 2007 letter to Ms. Montiel pursuant to Defendants' policy. The ratification was by, among

22  others, Mr. Redfearn, Payroll & Benefits Manager of Defendant CESCO. Defendants' conduct warrants

23  the assessment of punitive damages.

24      85.    Ms. Montiel is further entitled to attorney's fees and costs of suit.

25  **SEVENTH CAUSE OF ACTION**
**(Failure to Engage in the Interactive Process in Good Faith)**

26  (Against All Defendants)

27      86.    Ms. Montiel hereby incorporates by reference each and every allegation contained in

28  Paragraphs 1 through 85 above.

15
COMPLAINT

87. From on or about December 21, 2006, Defendants intentionally failed to engage in the interactive process in good faith. On or about December 21, 2006, Ms. Montiel requested a reasonable accommodation of additional time off after her 180 days of disability, which ended on April 9, 2007, because she was due to give birth on April 27, 2007. Mr. Hoyt told Ms. Montiel that he would call Defendants himself to arrange additional leave. On or about March 9, 2007, Ms. Montiel again spoke to Mr. Hoyt, and told him that Alyssa was to be kept in the hospital for four weeks. Mr. Hoyt said that he would hire a temporary employee to help while Ms. Montiel was out, which would have been a reasonable accommodation. On or about April 6, 2007, Ms. Montiel told Mr. Hoyt about Alyssa's various serious health conditions by telephone. Mr. Hoyt told Ms. Montiel that her job will be protected and to take as much time off as she needed, which would have been a reasonable accommodation. However, Defendants unlawfully terminated Ms. Montiel's CFRA leave and employment on April 9, 2007, without notice.

88. At all times mentioned herein, Ms. Montiel was willing and able to perform the essential job duties of her position if reasonable accommodations had been made by Defendants. At no time would the performance of the essential job duties of the Lighting Project Manager position, with a reasonable accommodation for Ms. Montiel's physical disabilities, have been a danger to Ms. Montiel's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendant CESCO's business.

89. Defendants intentionally failed to engage in the good faith interactive process. Ms. Montiel bases this conclusion on the fact that in spite her December 21, 2006, March 9, 2007, and April 6, 2007, requests for reasonable accommodations of time off after April 9, 2007, and approval of same by Defendant CESCO, through its agent Mr. Hoyt, Defendants unlawfully terminated Ms. Montiel's employment, without notice, on April 9, 2007.

90. Government Code section 12940(n) prohibits an employer from failing to engage in the interactive process in good faith with the employee to determine reasonable accommodations, if any, in response to a request for a reasonable accommodation by an employee with known physical disabilities. Government Code section 12945 forbids an employer from refusing "to provide [a] reasonable accommodation for an employee for conditions related to pregnancy, childbirth, or related medical

1  conditions, if she so requests, with the advice of her health care provider." Defendants' discriminatory
2  actions against Ms. Montiel, as alleged above, constitute a violation of Government Code section
3  12940(n).

4        **91.**   As a proximate result of Defendants' discriminatory actions against Ms. Montiel, as
5  alleged above, Ms. Montiel has been harmed in that Ms. Montiel has suffered and continues to suffer
6  damages in the form of lost wages, salary, employment benefits, and additional amounts of money Ms.
7  Montiel would have received if Defendants' had engaged in the interactive process in good faith with
8  Ms. Montiel. As a result of such discrimination and consequent harm, Ms. Montiel has suffered such
9  damages in an amount according to proof.

10        **92.**   As a further proximate result of Defendants' discriminatory actions against Ms. Montiel,
11  as alleged above, Ms. Montiel has been harmed in that Ms. Montiel has suffered the intangible loss of
12  such employment-related opportunities as experience in the Lighting Project Manager position. As a
13  result of such discrimination and consequent harm, Ms. Montiel has suffered such damages in an amount
14  according to proof.

15        **93.**   As a further proximate result of Defendants' discriminatory actions against Ms. Montiel,
16  as alleged above, Ms. Montiel has been harmed in that Ms. Montiel has suffered from emotional and
17  physical distress including, but not limited to, sleeplessness, worry, stress, crying, anxiety, tension,
18  agitation, panic, depression, loneliness, feelings of helplessness, frustration, fear, isolation, being
19  overwhelmed, and has been injured in mind and body. Such injuries include, but are not limited to,
20  headaches, high blood pressure, nausea, diarrhea, heart palpitations and hair loss. As a result of such
21  discrimination and consequent harm, Ms. Montiel has suffered such damages in an amount to be
22  determined according to proof at trial.

23        **94.**   In doing the acts herein alleged, Defendants acted with malice, fraud, or oppression, and
24  with a conscious disregard of Ms. Montiel's rights under FEHA. Specifically, Defendants intentionally
25  refused to engage in the interactive process in good faith in spite of being able to provide Ms. Montiel
26  reasonable accommodations. As such, Ms. Montiel is entitled to exemplary and punitive damages from
27  Defendants in an amount sufficient to punish Defendants and to deter such wrongful conduct in the
28  future.

95.    Ms. Montiel is further entitled to attorney's fees and costs of suit pursuant to Government Code section 12965.

### EIGHTH CAUSE OF ACTION
### (Failure to Accommodate Conditions Related to Pregnancy, Childbirth, or Related Medical Conditions)
### (Against All Defendants)

96.    Ms. Montiel hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 95 above.

97.    From on or about April 9, 2007, Defendants intentionally failed to reasonably accommodate Ms. Montiel's conditions related to pregnancy, childbirth, or related medical conditions. Defendants responded to Ms. Montiel's December 21, 2007, March 9, 2007, and April 6, 2007 request for unpaid leave by approving her requests and subsequently terminating her leave and employment on April 9, 2007.

98.    At all times mentioned herein, Ms. Montiel was willing and able to perform the essential job duties of her position if reasonable accommodations had been made by Defendants. At no time would the performance of the essential job duties of the Lighting Project Manager position, with a reasonable accommodation for Ms. Montiel's conditions related to pregnancy, childbirth, or related medical conditions, have been a danger to Ms. Montiel's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendants' business.

99.    Defendants intentionally failed to provide Ms. Montiel reasonable accommodations. Ms. Montiel bases this conclusion on the fact that in spite of her December 21, 2006, March 9, 2007, and April 6, 2007, requests for reasonable accommodations of time off after April 9, 2007, and approval of same by Defendant CESCO, through its agent Mr. Hoyt, Defendants unlawfully terminated Ms. Montiel's leave and employment, without notice, on April 9, 2007.

100.   Government Code section 12945 forbids an employer from refusing "to provide [a] reasonable accommodation for an employee for conditions related to pregnancy, childbirth, or related medical conditions, if she so requests, with the advice of her health care provider." Defendants' discriminatory actions against Ms. Montiel, as alleged above, constitute a violation of Government Code section 12945.

101.   As a proximate result of Defendants' discriminatory actions against Ms. Montiel, as alleged above, Ms. Montiel has been harmed in that Ms. Montiel has suffered and continues to suffer damages in the form of lost wages, salary, employment benefits, and additional amounts of money Ms. Montiel would have received if Defendants had provided a reasonable accommodation for her conditions which were related to pregnancy, childbirth, or related medical conditions.   As a result of such discrimination and consequent harm, Ms. Montiel has suffered such damages in an amount according to proof.

102.   As a further proximate result of Defendants' discriminatory actions against Ms. Montiel, as alleged above, Ms. Montiel has been harmed in that Ms. Montiel has suffered the intangible loss of such employment-related opportunities as experience in the Lighting Project Manager position.   As a result of such discrimination and consequent harm, Ms. Montiel has suffered such damages in an amount according to proof.

103.   As a further proximate result of Defendants' discriminatory actions against Ms. Montiel, as alleged above, Ms. Montiel has been harmed in that Ms. Montiel has suffered from emotional and physical distress including, but not limited to, sleeplessness, worry, stress, crying, anxiety, tension, agitation, panic, depression, loneliness, feelings of helplessness, frustration, fear, isolation, being overwhelmed, and has been injured in mind and body.   Such injuries include, but are not limited to, headaches, high blood pressure, nausea, diarrhea, heart palpitations and hair loss.   As a result of such discrimination and consequent harm, Ms. Montiel has suffered such damages in an amount to be determined according to proof at trial.

104.   In doing the acts herein alleged, Defendants acted with malice, fraud, or oppression, and with a conscious disregard of Ms. Montiel's rights under FEHA.   Specifically, Defendants intentionally refused to provide Ms. Montiel with a reasonable accommodation of limited extra time off in spite of being able to provide Ms. Montiel reasonable accommodations for her conditions which were related to pregnancy, childbirth, or related medical conditions. As such, Ms. Montiel is entitled to exemplary and punitive damages from Defendants in an amount sufficient to punish Defendants and to deter such wrongful conduct in the future.

/////

105.    Ms. Montiel is further entitled to attorney's fees and costs of suit pursuant to Government Code section 12965.

### NINTH CAUSE OF ACTION
#### (Negligent Infliction of Emotional Distress)
#### (Against All Defendants)

106.    Ms. Montiel hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 105 as though fully set forth herein.

107.    Defendants had a duty, as employers, to act with due care toward Ms. Montiel by not unlawfully terminating her employment because of her pregnancy and exercise of her rights under the PDL and CFRA.

108.    Defendants knew or should have known that Defendants' failure to exercise due care in the acts referred to in Paragraph 107 above would cause Ms. Montiel severe emotional distress.

109.    Defendants breached their duty owed to Ms. Montiel by committing the acts alleged herein. These acts included initially approving Ms. Montiel's leave pursuant to the CFRA, and because of her pregnancy and in retaliation for her use of CFRA and PDL leave, subsequently unlawfully revoking her CFRA leave, and unlawfully terminating her employment.

110.    As a proximate result of Defendants' discriminatory actions against Ms. Montiel, as alleged above, Ms. Montiel has been harmed in that Ms. Montiel has suffered from severe emotional and physical distress including, but not limited to, sleeplessness, worry, stress, crying, anxiety, tension, agitation, panic, depression, loneliness, feelings of helplessness, frustration, fear, isolation, being overwhelmed, and has been injured in mind and body. Such injuries include, but are not limited to, headaches, high blood pressure, nausea, diarrhea, heart palpitations and hair loss. As a result of such discrimination and consequent harm, Ms. Montiel has suffered such damages in an amount to be determined according to proof at trial.

### MS. MONTIEL THEREFORE PRAYS FOR JUDGMENT
### AGAINST DEFENDANTS AS FOLLOWS:

WHEREFORE, Ms. Montiel prays for judgment against Defendants, and each of them, as follows:

1.    For compensatory and incidental damages, including, but not limited to, emotional distress, loss of wages, employee benefits, loss of future earning capacity, and other special and general damages in an amount to be shown at trial;

2.    For an award of exemplary and punitive damages sufficient to punish the Defendants and deter such future conduct in an amount commensurate with Defendant's ability to pay, which will be shown at trial;

3.    For an award of pre-judgment interest at the legal rate;

4.    For an award of attorney's fees and costs, incurred herein pursuant to California Government Code section 12965, California Code of Civil Procedure 1021.5 and other applicable provisions;

5.    For costs of suit incurred herein; and,

6.    For such further relief in law or in equity, as this court deems just and proper.

DATED: January 3, 2008                Respectfully submitted,

                                      LAW FIRM OF ZAMPI AND ASSOCIATES


                                      By: _____
                                          GERALD B. DETERMAN


                                      By: _____
                                          CHRISTOPHER B. DESAULNIERS
                                          Attorneys for Plaintiff,
                                          Elizabeth Montiel

JAN/08/2008/TUE 09:38 AM    ZAMPI & ASSOCIATES       FAX No. 619 231 8529         P. 003

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CRESCENT ELECTRIC SUPPLY COMPANY, a corporation; and
DOES 1 through 25, inclusive

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED

NORTH COUNTY DIVISION

2008 JAN -4 PM 4: 17

(1)
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ELIZABETH MONTIEL, an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* 37-2008-00088094-CU-OE-NC |
|---|---|

North County Superior Court
325 S. Melrose Dr.
Vista, CA 92083

North County Vista Regional Center

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*          (619) 231-9920   (619) 231-8529
Joseph P. Zampi, Esq. #110168
Gerald B. Determan, Esq. #134905; Christopher B. DeSaulniers, Esq. #213934
Law Firm of Zampi and Associates
225 Broadway, Suite 1450, San Diego, CA 92101

| DATE: *(Fecha)* JAN - 4 2008 | Clerk, by *(Secretario)* P. GOMEZ | , Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* a corporation

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465

# EXHIBIT "B"

1  LEE A. MORRISON  (SBN #95676)
   Union Bank of California Building
2  530 "B" Street, Suite 1410
   San Diego, CA  92101-4479
3  Tel:  (619) 235-2133
   Fax: (619) 235-4508
4

5

6  Attorney for Defendant
   CRESCENT ELECTRIC SUPPLY COMPANY
7

8

9

10             SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

11                      NORTH COUNTY REGIONAL CENTER

12

13  ELIZABETH MONTIEL, an individual,   )   Case No. 37-2008-00088094-CU-OE-NC
                                        )
14              Plaintiff,              )   **ANSWER OF DEFENDANT**
                                        )   **CRESCENT ELECTRIC SUPPLY**
15         vs.                          )   **COMPANY**
                                        )
16  CRESCENT ELECTRIC SUPPLY            )
    COMPANY, a corporation; and         )   (Complaint filed:  1/4/08)
17  DOES 1 through 25, inclusive,       )
                                        )
18              Defendants.             )   DEPT:    N-30
                                        )   JUDGE:  Hon. Thomas P. Nugent
19  _____)

20

21         Defendant CRESCENT ELECTRIC SUPPLY COMPANY, severing itself from all other

22  Defendants, hereby answers the unverified Complaint as follows:

23         Under the provisions of Section 431.30 of the California Code of Civil Procedure, this

24  answering Defendant denies generally and specifically each, every and all of the allegations

25  contained in the Complaint, and the whole thereof, including each and every purported Cause of

26  Action contained therein, and denies that the Plaintiff has or will sustain damages in the sum or

27  sums alleged or in any other sums or sums at all.

28  / / /

Crescent – ANS.doc

                                          1

EXHIBIT ___"C"___

*Lee A. Morrison*
530 "B" Street, Suite 1450
San Diego, CA 92101-4479
(619) 235-2133

FILED
NORTH COUNTY DIVIS
2008 FEB -4  PM 2: 59
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1

**AFFIRMATIVE DEFENSES**

2

FIRST AFFIRMATIVE DEFENSE
(FAILURE TO STATE SUFFICIENT FACTS)

3

4

Each cause of action sought to be alleged in the Complaint fails to state facts sufficient to

5

constitute a cause of action or causes of action against this answering Defendant.

6

SECOND AFFIRMATIVE DEFENSE
(FAILURE TO MITIGATE)

7

8

This answering Defendant alleges that Plaintiff has failed, neglected and refused to mitigate

9

the alleged injuries and damages.

10

THIRD AFFIRMATIVE DEFENSE
(LATCHES)

11

12

This answering Defendant is informed and believes and thereon alleges that Plaintiff has

13

inexcusably delayed in proceeding with her claim despite her contention that this answering

14

Defendant is liable to said Plaintiff.   The Plaintiff's inexcusable delay has prejudiced this

15

answering Defendant's position and Plaintiff's claim against this answering Defendant is,

16

therefore, barred by the doctrine of latches.

17

FOURTH AFFIRMATIVE DEFENSE
(STATUTES OF LIMITATION)

18

19

This answering Defendant is informed and believes and thereon alleges that each of the

20

alleged causes of action are barred by the applicable statutes of limitation.

21

FIFTH AFFIRMATIVE DEFENSE
(WAIVER)

22

23

This answering Defendant believes that Plaintiff has, by her conduct, waived her rights to

24

bring the alleged causes of action against this answering Defendant.

25

SIXTH AFFIRMATIVE DEFENSE
(FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES)

26

27

This answering Defendant is informed and believes that Plaintiff is barred from prosecuting

28

this action, for her failure to exhaust available administrative remedies.

Lee A. Morrison
530 "B" Street, Suite 1450
San Diego, CA 92101-4479
(619) 235-2133

Crescent – ANS.doc

2

## SEVENTH AFFIRMATIVE DEFENSE
### (GOOD FAITH)

This answering Defendant is informed and believes, and thereon alleges, that Plaintiff is precluded from obtaining liquidated damages or punitive damages, for the reason that all actions undertaken by this answering Defendant were taken in "good faith".

## EIGHTH AFFIRMATIVE DEFENSE
### (FAILURE TO STATE FACTS RE PUNITIVE DAMAGES)

This answering Defendant alleges that the Complaint, and each alleged cause of action contained therein, fails to state facts sufficient to constitute any claim for punitive or exemplary damages against this answering Defendant.

## NINTH AFFIRMATIVE DEFENSE
### (ESTOPPEL)

This answering Defendant is informed and believes, and thereon alleges, that Plaintiff is estopped from obtaining the relief sought by her Complaint by virtue of her acts and conduct in connection with the matters alleged in the Complaint.

## **PRAYER**

WHEREFORE, Defendant requests judgment as follows:

  1.  That Plaintiff take nothing by the Complaint;

  2.  That Defendant recovers from Plaintiff costs in an amount to be proven at trial; and

  3.  That the Court orders such further relief as it deems in the interest of justice.

Dated: February 4, 2008

LEE A. MORRISON
Attorney for Defendant
CRESCENT ELECTRIC SUPPLY
COMPANY

Lee A. Morrison
530 "B" Street, Suite 1450
San Diego, CA 92101-4479
(619) 235-2133

Crescent – ANS.doc

3

ANSWER OF DEFENDANT
CRESCENT ELECTRIC SUPPLY COMPANY

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ELIZABETH MONTIEL, an individual,

**(b)** County of Residence of First Listed Plaintiff **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number) 619/231-9920
Law Firm of Zampi & Associates
225 Broadway, #1450, San Diego, CA

## DEFENDANTS

CRESCENT ELECTRIC SUPPLY COMPANY, a corporation, et al.

County of Residence of First Listed Defendant **Cook County, Ill.**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known) LEE A. MORRISON 619/235-2133
530 "B" Street, Suite 1410
San Diego, CA 92101-4479

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

'08 CV 0243 DMS CAB

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☒ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Section 1441(b)
Brief description of cause:
Alleged wrongful termination due to employee pregnancy

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ not stated

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE                    DOCKET NUMBER

DATE 2/7/08           SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # 147361   AMOUNT $350   2/7/08 RM   APPLYING IFP         JUDGE         MAG. JUDGE

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 147361    — BH**

**February 07. 2008
11:35:20**

**Civ Fil Non—Pris**
USAO #.: 08CV0243 CIVIL FILING
Judge..: DANA M SABRAW
Amount.:                    $350.00 CK
Check#.: BC# 14092

**Total—> $350.00**

FROM: MONTIEL V. CRESCENT ELECTRIC
      CIIVL FILING