JOSEPH P. ZAMPI, ESQ. # 110168
GERALD B. DETERMAN, ESQ. # 134905
CHRISTOPHER B. DeSAULNIERS, ESQ. # 213934
Law Firm of Zampi and Associates
225 Broadway, Suite 1450
San Diego, California 92101
Telephone: (619) 231-9920
Facsimile:  (619) 231-8529

Attorneys for Plaintiff,
Elizabeth Montiel

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MONTIEL, an individual, | Case Number: 08cv243 DMS |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE** |
| vs. | |
| CRESCENT ELECTRIC SUPPLY COMPANY, a corporation; and DOES 1 through 25, inclusive, | Date:         May 2, 2008<br>Time:         1:30 p.m.<br>Courtroom:  10 |
| Defendants. | |

## I.

## INTRODUCTION

Plaintiff ELIZABETH MONTIEL (hereinafter "Ms. Montiel" or "PLAINTIFF") respectfully submits the following Memorandum of Points and Authorities in Support of PLAINTIFF's Motion to Dismiss Without Prejudice.

## II.

## STATEMENT OF FACTS

On or about January 4, 2008, PLAINTIFF brought an action in California Superior Court by causing to have served a summons and complaint (hereinafter "Complaint") on Defendant CRESCENT ELECTRIC SUPPLY COMPANY's (hereinafter "DEFENDANT") (see Declaration of Christopher B. DeSaulniers (hereinafter "Dec."), ¶ 2) designated Agent for Service of Process, Jeffrey J. Hoyt.  (See

1

Dec., ¶ 3.) On or about January 22, 2008, PLAINTIFF served on DEFENDANT requests for discovery. (See Dec., ¶ 4.) On or about February 4, 2008, DEFENDANT served an answer. On or about February 7, 2008, DEFENDANT served on PLAINTIFF notice of removal to Federal Court based on diversity.

The Complaint alleges causes of action against DEFENDANT under California law only and no Federal causes of action. (See Dec., ¶ 5.) The Complaint further alleges that Mr. Hoyt, PLAINTIFF's former supervisor and Branch Manager of DEFENDANT's Vista, California location falsely told PLAINTIFF that he would have the corporate office provide PLAINTIFF with maternity leave once PLAINTIFF's disability leave ended. (See Complaint, ¶ 13.) The Complaint also alleges that on or about April 6, 2007, Mr. Hoyt falsely told PLAINTIFF to take as much time off as she needed and that her job would be protected. (See Complaint, ¶ 21.) PLAINTIFF will allege that she relied on these false assurances to her detriment. However, notwithstanding these assurances from Mr. Hoyt, he and DEFENDANT subsequently unlawfully terminated PLAINTIFF's employment prior to expiration of PLAINTIFF's statutorily authorized leave. (See Complaint, ¶ 24.)

Through Mr. Hoyt's false statements to PLAINTIFF and her subsequent unlawful termination, PLAINTIFF will allege that Mr. Hoyt individually <u>retaliated against PLAINTIFF because she took leave under the California Family Rights Act (hereinafter "CFRA")</u>. The retaliation by DEFENDANT and Mr. Hoyt for exercising PLAINTIFF's CFRA rights also included unlawfully failing to engage in the interactive process in good faith as required by state law, and unlawfully failing to provide a reasonable accommodation as required by state law. For those reasons, PLAINTIFF is seeking to dismiss this case in order to subsequently file a case in California Superior Court naming Mr. Hoyt individually as an additional defendant.

Based on PLAINTIFF's knowledge and belief, Mr. Hoyt is domiciled in and is a citizen of California. Because PLAINTIFF is also domiciled in California and is a citizen of California, by adding Mr. Hoyt as a defendant, Federal courts would no longer have diversity jurisdiction.[1] Accordingly, dismissal without prejudice will allow PLAINTIFF to refile this case in California Superior Court.

---

[1] PLAINTIFF recognizes that she could file a motion to add Mr. Hoyt as a defendant, which would have divested the court of diversity jurisdiction. However, PLAINTIFF chose this procedure as it appears to be the more appropriate process to provide an adequate explanation to the court.

III.

STATEMENT OF ARGUMENT

Federal Rule of Civil Procedure 41 provides, in part:

(a) Voluntary Dismissal....
   (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice....

FED. R. CIV. P. 41.

The intention of Federal Rule of Civil Procedure 41 "is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.... Whether, and on what terms, a dismissal without prejudice may be granted, is a matter left initially to the trial court's discretion." Alamance Industries, Inc. v. Filene's, 291 F.2d 142, 146 (1st Cir. 1961).

   A.   The Court Should Grant The Motion To Dismiss Without Prejudice Because DEFENDANT Has Suffered No Prejudice.

"[A] district court should grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result." Waller v. Financial Corp. of America, 828 F.2d 579, 583 (9th Cir. 1987).

In this case, DEFENDANT has suffered no prejudice. This Motion was filed approximately two months after the Complaint was filed and served in the Superior Court of California, San Diego County (see Complaint, ¶ 1), and approximately one month after DEFENDANT served its answer and the notice of removal to Federal Court. DEFENDANT has served no discovery nor filed a counter-claim or motion for summary judgment. Thus, DEFENDANT has incurred minimal, if any, costs in trial preparation.

Additionally, although the dismissal means that DEFENDANT has to face the prospect of a second lawsuit, the Ninth Circuit Court of Appeal has held that prospect is not sufficient to deny dismissal. (See Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996) which held: "the threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice.") Nor can DEFENDANT reasonably claim that dismissal would inconvenience DEFENDANT to defend in

another forum (see Durham v. Florida E. C. R. Co., 385 F.2d 366, 368 (5th Cir.-OLD 1967)) because the Complaint would again be filed in the Superior Court of California, San Diego County. Even if DEFENDANT did successfully make such a claim, that claim has been found to be insufficient to deny dismissal. (*Id.* at 368.) Moreover, even if PLAINTIFF gained a tactical advantage through the dismissal, dismissal should still be granted. See Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982).

Furthermore, because the Complaint was so recently filed and served, the case is in a very early stage and a dismissal would not prevent DEFENDANT from conducting sufficient discovery. (See Westlands Water Dist. v. United States, *supra*, at 97, and Watson v. Clark, 716 F.Supp. 1354, 1356 (D. Nev. 1989), *aff'd*, 909 F.2d 1490 (9th Cir. 1990) which held that dismissal was appropriate when requested shortly after defendant filed the answer and motion for summary judgment.) Nor can DEFENDANT successfully claim that PLAINTIFF is attempting to circumvent a waiver of a demand for a jury (see Russ v. Standard Ins. Co., 120 F.3d 988, 989 (9th Cir. 1997)) as the demand was filed on or about February 21, 2008.

In summary, because DEFENDANT will not be prejudiced[2] by a dismissal, the Court should grant Plaintiff's Motion to Dismiss Without Prejudice.

B. The Court Should Grant The Motion To Dismiss Without Prejudice Because PLAINTIFF Has Not Delayed In Prosecuting The Action.

In determining whether to dismiss a case without prejudice, the U.S. Court of Appeals also analyzes whether PLAINTIFF has delayed in prosecuting the action. (See Paulucci v. Duluth, 826 F.2d 780, 783 (8th Cir. 1987); and Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993); also see Burnette v. Godshall, 828 F.Supp. 1439, 1444 (N.D.Cal. 1993); United States v. Berg, 190 F.R.D. 539, 543 (D.Cal. 1999).) As stated above, the Complaint was filed on January 4, 2008. (See Complaint, ¶ 1.) Discovery was served on DEFENDANT on January 22, 2008. (See Dec., ¶ 4.) Consequently, the case is at the beginning stages and PLAINTIFF has not delayed in prosecuting the action.

---

[2] If, instead, PLAINTIFF successfully added Mr. Hoyt as a defendant later in the case, it is more likely that DEFENDANT would be prejudiced in some way. Dismissal without prejudice now avoids such prejudice against DEFENDANT.

C. The Court Should Grant The Motion To Dismiss Because The PLAINTIFF's Explanation Of The Need For A Dismissal Is Not Insufficient.

The U.S. Court of Appeals also considers whether the PLAINTIFF's explanation for the need for a dismissal is insufficient. (See Paulucci v. Duluth, supra; Clark v. Tansy, supra; and see United States v. Berg, supra).

The grant of diversity jurisdiction is to be strictly construed. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1092 (9th Cir. 1983). Questions regarding whether diversity jurisdiction exists are normally resolved against a finding of diversity jurisdiction. (See id. and Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992).) Moreover, because the claims against Mr. Hoyt are substantive, as discussed below, any assertions that naming Mr. Hoyt as a defendant is a sham to destroy diversity would be baseless. (See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).)

DEFENDANT removed the instant case to Federal Court based on diversity of citizenship between DEFENDANT and PLAINTIFF. Based on California law discussed below, PLAINTIFF seeks to name Mr. Hoyt, PLAINTIFF's supervisor (a citizen of California who is domiciled in California) as a second defendant in this case. This addition of a California citizen as a defendant will result in an absence of diversity jurisdiction. (See Lewis v. Lewis, 358 F.2d 495, 502 (9th Cir. 1966).)

The California Fair Employment and Housing Act (hereinafter "FEHA") includes Government Code section 12945, which authorizes qualified employees disabled by pregnancy to take a pregnancy disability leave of up to four months. Gov. Code, § 12945. FEHA also includes Government Code section 12945.2, which authorizes qualified employees to take an additional CFRA leave of up to 12 weeks to care for the birth of a child. Gov. Code, § 12945.2. The California Legislature authorized the Fair Employment and Housing Commission to promulgate regulations to implement FEHA. (Gov. Code § 12935.) California courts "are required to give great weight" to the Commission's "interpretation of its

////
/////
/////
/////
/////

5

POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS WITHOUT PREJUDICE

own regulations and the statutes under which it operates." Bradley v. Department of Corrections & Rehabilitation, 158 Cal.App.4th 1612, 1625 (2008).[3]

The Fair Employment and Housing Commission's regulations interpreting the CFRA are set forth in Title 2 of California Code of Regulations section 7285.0 et seq. California Code of Regulations, title 2, section 7297.7 (hereinafter "section 7297.7") provides that it shall be an unlawful employment practice for "any person" to retaliate against an employee because of her exercise of her right to take CFRA leave. California Code of Regulations, title 2, section 7297.0 (hereinafter "section 7297.0") defines the terms that apply to section 7297.7. Although "person" is not expressly defined, section 7297.0 further provides that the "definitions in the federal regulations issued January 6, 1995 (29 CFR Part 825)…shall also apply to" section 7297.7. The Code of Federal Regulations, title 29, section 825.800, defines "[p]erson" in pertinent part as "an individual…." for purposes of Code of Federal Regulations, title 29, Part 825. Thus, section 7297.7 provides that it shall be an unlawful employment practice for any individual to retaliate against an employee because of her exercise of her right to take CFRA leave.[4]

As explained above, Mr. Hoyt, who was PLAINTIFF's supervisor and Branch Manager, falsely stated to PLAINTIFF that he would take steps to provide her with additional leave and subsequently falsely stated that PLAINTIFF's position with DEFENDANT was secure. (See Complaint, ¶¶ 13 and 21.) PLAINTIFF will allege that she relied on these false assurances to her detriment. However, despite these assurances, PLAINTIFF was terminated from her position with DEFENDANT prior to the expiration of her statutorily authorized leave. (See Complaint, ¶ 24.) Consequently, PLAINTIFF will allege that Mr. Hoyt retaliated against her because she took leave under the CFRA. The retaliation by Mr. Hoyt for PLAINTIFF's exercise of her CFRA rights also included failing to meet other requirements under state law, specifically, failure to engage in the interactive process in good faith to determine if a

---

[3] Federal courts apply state substantive law in diversity actions. (See Motus v. Pfizer Inc., 358 F.3d 659, 660 (9th Cir. 2004): "Because this is a diversity action, we apply California substantive law….") Therefore, PLAINTIFF respectfully submits that the Fair Employment and Housing Commission's regulations implementing the CFRA should be given great weight here also. (See Southern Pacific Transp. Co. v. Public Service Com., 909 F.2d 352, 356 (9th Cir. 1990): "'Under established administrative law principles, it is clear that the Administrator's interpretation of the [statute] is to be given great weight.'")

[4] The California Supreme Court has recently decided in Jones v. The Lodge at Torrey Pines Partnership et al., 2008 Cal. LEXIS 2504 (March 3, 2008) that there is no individual liability for retaliation under California Government Code section 12940(h). Government Code section 12940(h) is not at issue in the instant matter. Therefore, Jones is simply inapposite to the instant matter.

6

POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS WITHOUT PREJUDICE

reasonable accommodation existed which would have allowed PLAINTIFF to continue her employment, and failure to provide a reasonable accommodation. For these reasons, PLAINTIFF is seeking to dismiss this case in order to subsequently file a case in Superior Court of California, San Diego County, naming Mr. Hoyt individually as an additional defendant. This will result in the absence of diversity jurisdiction in Federal Court. See Lewis v. Lewis, 358 F.2d 495, 502 (9th Cir. 1966).

Therefore, the motion to dismiss without prejudice should be granted because PLAINTIFF's reason for requesting dismissal is not insufficient.

D.  The Court Should Grant The Motion To Dismiss Without Any Imposed Terms And Conditions, Such As An Award Of Attorney's Fees And Costs.

Federal Rule of Civil Procedure 41 authorizes the court to dismiss without prejudice "on terms that the court considers proper." (Stevedoring Services of America v. Armilla International B.V., 889 F.2d 919, 921 (9th Cir. 1989).) For example, the Ninth Circuit Court of Appeals has ruled that a District court is authorized to deny a defendant's request for costs and attorney fees as a condition of dismissal. (*Id.*) When making its determination, a District court can analyze several "[l]egitimate" factors including whether the defense costs were undertaken unnecessarily and whether the defendant could recover costs and attorney fees if it prevailed at trial. (*Id.*)

Here, the action was filed in Superior Court of California, San Diego County and will be refiled in the same court. DEFENDANT removed the case to Federal court. This decision was not made by PLAINTIFF. Thus, the defense costs were necessary.

Furthermore, DEFENDANT should not be able to recover costs and attorney fees unless the court finds that PLAINTIFF's claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." (See Cummings v. Benco Bldg. Servs., 11 Cal.App.4th 1383, 1388 (1992).) Because DEFENDANT's actions are clear violations of CFRA, DEFENDANT would not be able to show that PLAINTIFF's claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." (*Id.*) Therefore, DEFENDANT would likely recover no attorney's fees and costs at trial. For that reason, DEFENDANT should not be awarded costs and fees in this court.

////

7

POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS WITHOUT PREJUDICE

Accordingly, the motion to dismiss should be granted without prejudice and without any terms and conditions.

## IV.

## CONCLUSION

For the reasons stated above, the Motion to Dismiss Without Prejudice should be granted. DEFENDANT will not suffer any plain legal prejudice as a result of the dismissal, PLAINTIFF has not delayed in prosecuting the action, and PLAINTIFF's explanation of the need of the dismissal is not insufficient. Additionally, because of these reasons, the dismissal should be granted without prejudice and without any imposed terms or conditions. Accordingly, PLAINTIFF asks that the motion to dismiss without prejudice be granted.

DATED: March 5, 2008

Respectfully submitted,

LAW FIRM OF ZAMPI AND ASSOCIATES

By: _[signature]_
GERALD B. DETERMAN

By: _[signature]_
CHRISTOPHER B. DESAULNIERS
Attorneys for Plaintiff,
Elizabeth Montiel

8