**EXHIBIT C**

DISC-002

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | |

Joseph P. Zampi, Esq. #110168
Gerald B. Determan, Esq. #134905
Zampi and Associates
225 Broadway, Suite 1450
San Diego, California 92101
TELEPHONE NO.: (619) 231-9920    FAX NO. *(Optional):* (619) 231-8529
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff Elizabeth Montiel

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
North County Superior Court
North County Vista Regional Center

SHORT TITLE: MONTIEL V. CRESCENT ELECTRIC SUPPLY COMPANY

| FORM INTERROGATORIES – EMPLOYMENT LAW | CASE NUMBER: |
|---|---|
| Asking Party: Plaintiff ELIZABETH MONTIEL<br>Answering Party: Defendant CRESCENT ELECTRIC SUPPLY CO.<br>Set No.: One (1) | 37-2008-00088094-CU-OE-NC |

## Sec. 1. Instructions to All Parties

(a) Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in employment cases.

(b) For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c) These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

## Sec. 2. Instructions to the Asking Party

(a) These form interrogatories are designed for optional use by parties in employment cases. (Separate sets of interrogatories, *Form Interrogatories—General* (form DISC-001) and *Form Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004) may also be used where applicable in employment cases.)

(b) Insert the names of the **EMPLOYEE** and **EMPLOYER** to whom these interrogatories apply in the definitions in sections 4(d) and (e) below.

(c) Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(d) The interrogatories in section 211.0, Loss of Income Interrogatories to Employer, should not be used until the employer has had a reasonable opportunity to conduct an investigation or discovery of the employee's injuries and damages.

(e) Additional interrogatories may be attached.

## Sec. 3. Instructions to the Answering Party

(a) You must answer or provide another appropriate response to each interrogatory that has been checked below.

(b) As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c) Each answer must be as complete and straightforward as the information reasonably available to you permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d) If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e) Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f) Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g) If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h) Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____    _____
(DATE)                              (SIGNATURE)

## Sec. 4. Definitions

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) **PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

Form Approved for Optional Use
Judicial Council of California
DISC-002 [Rev. January 1, 2007]

**FORM INTERROGATORIES—EMPLOYMENT LAW**

Page 1 of 8
Code of Civil Procedure,
§§ 2030.010–2030.410, 2033.710

Legal
Solutions
Plus

(b) **YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

(c) **EMPLOYMENT** means a relationship in which an **EMPLOYEE** provides services requested by or on behalf of an **EMPLOYER**, other than an independent contractor relationship.

(d) **EMPLOYEE** means a **PERSON** who provides services in an **EMPLOYMENT** relationship and who is a party to this lawsuit. For purposes of these interrogatories, **EMPLOYEE** refers to *(insert name):*

   *(If no name is inserted, EMPLOYEE means all such PERSONS.)*

(e) **EMPLOYER** means a **PERSON** who employs an **EMPLOYEE** to provide services in an **EMPLOYMENT** relationship and who is a party to this lawsuit. For purposes of these interrogatories, **EMPLOYER** refers to *(insert name):*

   *(If no name is inserted, EMPLOYER means all such PERSONS.)*

(f) **ADVERSE EMPLOYMENT ACTION** means any **TERMINATION**, suspension, demotion, reprimand, loss of pay, failure or refusal to hire, failure or refusal to promote, or other action or failure to act that adversely affects the **EMPLOYEE'S** rights or interests and which is alleged in the **PLEADINGS**.

(g) **TERMINATION** means the actual or constructive termination of employment and includes a discharge, firing, layoff, resignation, or completion of the term of the employment agreement.

(h) **PUBLISH** means to communicate orally or in writing to anyone other than the plaintiff. This includes communications by one of the defendant's employees to others. (*Kelly v. General Telephone Co.* (1982) 136 Cal.App.3d 278, 284.)

(i) **PLEADINGS** means the original or most recent amended version of any complaint, answer, cross-complaint, or answer to cross-complaint.

(j) **BENEFIT** means any benefit from an **EMPLOYER**, including an "employee welfare benefit plan" or "employee pension benefit plan" within the meaning of Title 29 United States Code section 1002(1) or (2) or ERISA.

(k) **HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

(l) **DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of any handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

(m) **ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**

The following interrogatories for employment law cases have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

CONTENTS

200.0    Contract Formation
201.0    Adverse Employment Action
202.0    Discrimination Interrogatories to Employee
203.0    Harassment Interrogatories to Employee
204.0    Disability Discrimination
205.0    Discharge in Violation of Public Policy
206.0    Defamation
207.0    Internal Complaints
208.0    Governmental Complaints
209.0    Other Employment Claims by Employee or Against Employer
210.0    Loss of Income Interrogatories to Employee
211.0    Loss of Income Interrogatories to Employer
212.0    Physical, Mental, or Emotional Injuries— Interrogatories to Employee
213.0    Other Damages Interrogatories to Employee
214.0    Insurance
215.0    Investigation
216.0    Denials and Special or Affirmative Defenses
217.0    Response to Request for Admissions

**200.0    Contract Formation**

[X]  200.1  Do you contend that the **EMPLOYMENT** relationship was at "at will"? If so:
   (a)  state all facts upon which you base this contention;
   (b)  state the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of those facts; and
   (c)  identify all **DOCUMENTS** that support your contention.

[X]  200.2  Do you contend that the **EMPLOYMENT** relationship was not "at will"? If so:
   (a)  state all facts upon which you base this contention;
   (b)  state the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of those facts; and
   (c)  identify all **DOCUMENTS** that support your contention.

[X]  200.3  Do you contend that the **EMPLOYMENT** relationship was governed by any agreement—written, oral, or implied? If so:
   (a)  state all facts upon which you base this contention;
   (b)  state the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of those facts; and
   (c)  identify all **DOCUMENTS** that support your contention.

[X] **200.4** Was any part of the parties' **EMPLOYMENT** relationship governed in whole or in part by any written rules, guidelines, policies, or procedures established by the **EMPLOYER**? If so, for each **DOCUMENT** containing the written rules, guidelines, policies, or procedures:

(a)   state the date and title of the **DOCUMENT** and a general description of its contents;

(b)   state the manner in which the **DOCUMENT** was communicated to employees; and

(c)   state the manner, if any, in which employees acknowledged either receipt of the **DOCUMENT** or knowledge of its contents.

[X] **200.5** Was any part of the parties' **EMPLOYMENT** relationship covered by one or more collective bargaining agreements or memorandums of understanding between the **EMPLOYER** (or an association of employers) and any labor union or employee association? If so, for each collective bargaining agreement or memorandum of understanding, state:

(a)   the names and **ADDRESSES** of the parties to the collective bargaining agreement or memorandum of understanding;

(b)   the beginning and ending dates, if applicable, of the collective bargaining agreement or memorandum of understanding; and

(c)   which parts of the collective bargaining agreement or memorandum of understanding, if any, govern (1) any dispute or claim referred to in the **PLEADINGS** and (2) the rules or procedures for resolving any dispute or claim referred to in the **PLEADINGS**.

[X] **200.6** Do you contend that the **EMPLOYEE** and the **EMPLOYER** were in a business relationship other than an **EMPLOYMENT** relationship? If so, for each relationship:

(a)   state the names of the parties to the relationship;

(b)   identify the relationship; and

(c)   state all facts upon which you base your contention that the parties were in a relationship other than an **EMPLOYMENT** relationship.

**201.0   Adverse Employment Action**

[X] **201.1** Was the **EMPLOYEE** involved in a **TERMINATION**? If so:

(a)   state all reasons for the **EMPLOYEE'S TERMINATION**;

(b)   state the name, **ADDRESS**, and telephone number of each **PERSON** who participated in the **TERMINATION** decision;

(c)   state the name, **ADDRESS**, and telephone number of each **PERSON** who provided any information relied upon in the **TERMINATION** decision; and

(d)   identify all **DOCUMENTS** relied upon in the **TERMINATION** decision.

[X] **201.2** Are there any facts that would support the **EMPLOYEE'S TERMINATION** that were first discovered after the **TERMINATION**? If so:

(a)   state the specific facts;

(b)   state when and how **EMPLOYER** first learned of each specific fact;

(c)   state the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of the specific facts; and

(d)   identify all **DOCUMENTS** that evidence these specific facts.

[X] **201.3** Were there any other **ADVERSE EMPLOYMENT ACTIONS**, including *(the asking party should list the ADVERSE EMPLOYMENT ACTIONS)*: Denied pregnancy disability leave (pursuant to Government Code Section 12945); Denied California Family Rights Act leave (pursuant to Government Code Section 12945.2).

If so, for each action, provide the following:

(a)   all reasons for each **ADVERSE EMPLOYMENT ACTION**;

(b)   the name, **ADDRESS**, and telephone number of each **PERSON** who participated in making each **ADVERSE EMPLOYMENT ACTION** decision;

(c)   the name, **ADDRESS**, and telephone number of each **PERSON** who provided any information relied upon in making each **ADVERSE EMPLOYMENT ACTION** decision; and

(d)   the identity of all **DOCUMENTS** relied upon in making each **ADVERSE EMPLOYMENT ACTION** decision.

[X] **201.4** Was the **TERMINATION** or any other **ADVERSE EMPLOYMENT ACTIONS** referred to in Interrogatories 201.1 through 201.3 based in whole or in part on the **EMPLOYEE'S** job performance? If so, for each action:

(a)   identify the **ADVERSE EMPLOYMENT ACTION**;

(b)   identify the **EMPLOYEE'S** specific job performance that played a role in that **ADVERSE EMPLOYMENT ACTION**;

(c)   identify any rules, guidelines, policies, or procedures that were used to evaluate the **EMPLOYEE'S** specific job performance;

(d)   state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who had responsibility for evaluating the specific job performance of the **EMPLOYEE**;

(e)   state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the **EMPLOYEE'S** specific job performance that played a role in that **ADVERSE EMPLOYMENT ACTION**; and

(f)   describe all warnings given with respect to the **EMPLOYEE'S** specific job performance.

DISC-002

[X] 201.5  Was any PERSON hired to replace the EMPLOYEE after the EMPLOYEE'S TERMINATION or demotion? If so, state the PERSON'S name, job title, qualifications, ADDRESS and telephone number, and the date the PERSON was hired.

[X] 201.6  Has any PERSON performed any of the EMPLOYEE'S former job duties after the EMPLOYEE'S TERMINATION or demotion? If so:
(a)  state the PERSON'S name, job title, ADDRESS, and telephone number;
(b)  identify the duties; and
(c)  state the date on which the PERSON started to perform the duties.

[X] 201.7  If the ADVERSE EMPLOYMENT ACTION involved the failure or refusal to select the EMPLOYEE (for example, for hire, promotion, transfer, or training), was any other PERSON selected instead? If so, for each ADVERSE EMPLOYMENT ACTION, state the name, ADDRESS, and telephone number of each PERSON selected; the date the PERSON was selected; and the reason the PERSON was selected instead of the EMPLOYEE.

## 202.0  Discrimination—Interrogatories to Employee

[ ] 202.1  Do you contend that any ADVERSE EMPLOYMENT ACTIONS against you were discriminatory? If so:
(a)  identify each ADVERSE EMPLOYMENT ACTION that involved unlawful discrimination;
(b)  identify each characteristic (for example, gender, race, age, etc.) on which you base your claim or claims of discrimination;
(c)  state all facts upon which you base each claim of discrimination;
(d)  state the name, ADDRESS, and telephone number of each PERSON with knowledge of those facts; and
(e)  identify all DOCUMENTS evidencing those facts.

[ ] 202.2  State all facts upon which you base your contention that you were qualified to perform any job which you contend was denied to you on account of unlawful discrimination.

## 203.0  Harassment—Interrogatories to Employee

[ ] 203.1  Do you contend that you were unlawfully harassed in your employment? If so:
(a)  state the name, ADDRESS, telephone number, and employment position of each PERSON whom you contend harassed you;
(b)  for each PERSON whom you contend harassed you, describe the harassment;

(c)  identify each characteristic (for example, gender, race, age, etc.) on which you base your claim of harassment;
(d)  state all facts upon which you base your contention that you were unlawfully harassed;
(e)  state the name, ADDRESS, and telephone number of each PERSON with knowledge of those facts; and
(f)  identify all DOCUMENTS evidencing those facts.

## 204.0  Disability Discrimination

[ ] 204.1  Name and describe each disability alleged in the PLEADINGS.

[ ] 204.2  Does the EMPLOYEE allege any injury or illness that arose out of or in the course of EMPLOYMENT? If so, state:
(a)  the nature of such injury or illness;
(b)  how such injury or illness occurred;
(c)  the date on which such injury or illness occurred;
(d)  whether EMPLOYEE has filed a workers' compensation claim. If so, state the date and outcome of the claim; and
(e)  whether EMPLOYEE has filed or applied for disability benefits of any type. If so, state the date, identify the nature of the benefits applied for, and the outcome of any such application.

[X] 204.3  Were there any communications between the EMPLOYEE (or the EMPLOYEE'S HEALTH CARE PROVIDER) and the EMPLOYER about the type or extent of any disability of EMPLOYEE? If so:
(a)  state the name, ADDRESS, and telephone number of each person who made or received the communications;
(b)  state the name, ADDRESS, and telephone number of each PERSON who witnessed the communications;
(c)  describe the date and substance of the communications; and
(d)  identify each DOCUMENT that refers to the communications.

[X] 204.4  Did the EMPLOYER have any information about the type, existence, or extent of any disability of EMPLOYEE other than from communications with the EMPLOYEE or the EMPLOYEE'S HEALTH CARE PROVIDER? If so, state the sources and substance of that information and the name, ADDRESS, and telephone number of each PERSON who provided or received the information.

[X] 204.5  Did the EMPLOYEE need any accommodation to perform any function of the EMPLOYEE'S job position or need a transfer to another position as an accommodation? If so, describe the accommodations needed.

[X] 204.6  Were there any communications between the **EMPLOYEE** (or the **EMPLOYEE'S HEALTH CARE PROVIDER**) and the **EMPLOYER** about any possible accommodation of **EMPLOYEE**? If so, for each communication:

   (a)  state the name, **ADDRESS**, and telephone number of each **PERSON** who made or received the communication;

   (b)  state the name, **ADDRESS**, and telephone number of each **PERSON** who witnessed the communication;

   (c)  describe the date and substance of the communication; and

   (d)  identify each **DOCUMENT** that refers to the communication.

[X] 204.7  What did the **EMPLOYER** consider doing to accommodate the **EMPLOYEE**? For each accommodation considered:

   (a)  describe the accommodation considered;

   (b)  state whether the accommodation was offered to the **EMPLOYEE**;

   (c)  state the **EMPLOYEE'S** response; or

   (d)  if the accommodation was not offered, state all the reasons why this decision was made;

   (e)  state the name, **ADDRESS**, and telephone number of each **PERSON** who on behalf of **EMPLOYER** made any decision about what accommodations, if any, to make for the **EMPLOYEE**; and

   (f)  state the name, **ADDRESS**, and telephone number of each **PERSON** who on behalf of the **EMPLOYER** made or received any communications about what accommodations, if any, to make for the **EMPLOYEE**.

### 205.0  Discharge in Violation of Public Policy

[ ] 205.1  Do you contend that the **EMPLOYER** took any **ADVERSE EMPLOYMENT ACTION** against you in violation of public policy? If so:

   (a)  identify the constitutional provision, statute, regulation, or other source of the public policy that you contend was violated; and

   (b)  state all facts upon which you base your contention that the **EMPLOYER** violated public policy.

### 206.0  Defamation

[ ] 206.1  Did the **EMPLOYER'S** agents or employees **PUBLISH** any of the allegedly defamatory statements identified in the **PLEADINGS**? If so, for each statement:

   (a)  identify the **PUBLISHED** statement;

   (b)  state the name, **ADDRESS**, telephone number, and job title of each person who **PUBLISHED** the statement;

   (c)  state the name, **ADDRESS**, and telephone number of each person to whom the statement was **PUBLISHED**;

   (d)  state whether, at the time the statement was **PUBLISHED**, the **PERSON** who **PUBLISHED** the statement believed it to be true; and

   (e)  state all facts upon which the **PERSON** who published the statement based the belief that it was true.

[ ] 206.2  State the name and **ADDRESS** of each agent or employee of the **EMPLOYER** who responded to any inquiries regarding the **EMPLOYEE** after the **EMPLOYEE'S TERMINATION**.

[ ] 206.3  State the name and **ADDRESS** of the recipient and the substance of each post-**TERMINATION** statement **PUBLISHED** about **EMPLOYEE** by any agent or employee of **EMPLOYER**.

### 207.0  Internal Complaints

[X] 207.1  Were there any internal written policies or regulations of the **EMPLOYER** that apply to the making of a complaint of the type that is the subject matter of this lawsuit? If so:

   (a)  state the title and date of each **DOCUMENT** containing the policies or regulations and a general description of the **DOCUMENT'S** contents;

   (b)  state the manner in which the **DOCUMENT** was communicated to **EMPLOYEES**;

   (c)  state the manner, if any, in which **EMPLOYEES** acknowledged receipt of the **DOCUMENT** or knowledge of its contents, or both;

   (d)  state, if you contend that the **EMPLOYEE** failed to use any available internal complaint procedures, all facts that support that contention; and

   (e)  state, if you contend that the **EMPLOYEE'S** failure to use internal complaint procedures was excused, all facts why the **EMPLOYEE'S** use of the procedures was excused.

[X] 207.2  Did the **EMPLOYEE** complain to the **EMPLOYER** about any of the unlawful conduct alleged in the **PLEADINGS**? If so, for each complaint:

   (a)  state the date of the complaint;

   (b)  state the nature of the complaint;

   (c)  state the name and **ADDRESS** of each **PERSON** to whom the complaint was made;

   (d)  state the name, **ADDRESS**, telephone number, and job title of each **PERSON** who investigated the complaint;

   (e)  state the name, **ADDRESS**, telephone number, and job title of each **PERSON** who participated in making decisions about how to conduct the investigation;

(f)    state the name, **ADDRESS**, telephone number, and job title of each **PERSON** who was interviewed or who provided an oral or written statement as part of the investigation of the complaint;

(g)    state the nature and date of any action taken in response to the complaint;

(h)    state whether the **EMPLOYEE** who made the complaint was made aware of the actions taken by the **EMPLOYER** in response to the complaint, and, if so, state how and when;

(i)    identify all **DOCUMENTS** relating to the complaint, the investigation, and any action taken in response to the complaint; and

(j)    state the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of the **EMPLOYEE'S** complaint or the **EMPLOYER'S** response to the complaint.

### 208.0   Governmental Complaints

[X] 208.1  Did the **EMPLOYEE** file a claim, complaint, or charge with any governmental agency that involved any of the material allegations made in the **PLEADINGS**? If so, for each claim, complaint, or charge:

(a)    state the date on which it was filed;

(b)    state the name and **ADDRESS** of the agency with which it was filed;

(c)    state the number assigned to the claim, complaint, or charge by the agency;

(d)    state the nature of each claim, complaint, or charge made;

(e)    state the date on which the **EMPLOYER** was notified of the claim, complaint, or charge;

(f)    state the name, **ADDRESS**, and telephone number of all **PERSONS** within the governmental agency with whom the **EMPLOYER** has had any contact or communication regarding the claim, complaint, or charge;

(g)    state whether a right to sue notice was issued and, if so, when; and

(h)    state whether any findings or conclusions regarding the complaint or charge have been made, and, if so, the date and description of the agency's findings or conclusions.

[X] 208.2  Did the **EMPLOYER** respond to any claim, complaint, or charge identified in Interrogatory 208.1? If so, for each claim, complaint, or charge:

(a)    state the nature and date of any investigation done or any other action taken by the **EMPLOYER** in response to the claim, complaint, or charge:

(b)    state the name, **ADDRESS**, telephone number, and job title of each person who investigated the claim, complaint, or charge;

(c)    state the name, **ADDRESS**, telephone number, and job title of each **PERSON** who participated in making decisions about how to conduct the investigation; and

(d)    state the name, **ADDRESS**, telephone number, and job title of each **PERSON** who was interviewed or who provided an oral or written statement as part of the investigation.

### 209.0   Other Employment Claims by Employee or Against Employer

[  ] 209.1  Except for this action, in the past 10 years has the **EMPLOYEE** filed a civil action against any employer regarding the **EMPLOYEE'S** employment? If so, for each civil action:

(a)    state the name, **ADDRESS**, and telephone number of each employer against whom the action was filed;

(b)    state the court, names of the parties, and case number of the civil action;

(c)    state the name, **ADDRESS**, and telephone number of any attorney representing the **EMPLOYEE**; and

(d)    state whether the action has been resolved or is pending.

[X] 209.2  Except for this action, in the past 10 years has any employee filed a civil action against the **EMPLOYER** regarding his or her employment? If so, for each civil action:

(a)    state the name, **ADDRESS**, and telephone number of each employee who filed the action;

(b)    state the court, names of the parties, and case number of the civil action;

(c)    state the name, **ADDRESS**, and telephone number of any attorney representing the **EMPLOYER**; and

(d)    state whether the action has been resolved or is pending.

### 210.0   Loss of Income—Interrogatories to Employee

[  ] 210.1  Do you attribute any loss of income, benefits, or earning capacity to any **ADVERSE EMPLOYMENT ACTION**? *(If your answer is "no," do not answer Interrogatories 210.2 through 210.6.)*

[  ] 210.2  State the total amount of income, benefits, or earning capacity you have lost to date and how the amount was calculated.

[  ] 210.3  Will you lose income, benefits, or earning capacity in the future as a result of any **ADVERSE EMPLOYMENT ACTION**? If so, state the total amount of income, benefits, or earning capacity you expect to lose, and how the amount was calculated.

[  ] 210.4  Have you attempted to minimize the amount of your lost income? If so, describe how; if not, explain why not.

□ 210.5  Have you purchased any benefits to replace any benefits to which you would have been entitled if the **ADVERSE EMPLOYMENT ACTION** had not occurred? If so, state the cost for each benefit purchased.

□ 210.6  Have you obtained other employment since any **ADVERSE EMPLOYMENT ACTION**? If so, for each new employment:
(a)    state when the new employment commenced;
(b)    state the hourly rate or monthly salary for the new employment; and
(c)    state the benefits available from the new employment.

### 211.0  Loss of Income—Interrogatories to Employer
*[See instruction 2(d).]*

⊠ 211.1  Identify each type of **BENEFIT** to which the **EMPLOYEE** would have been entitled, from the date of the **ADVERSE EMPLOYMENT ACTION** to the present, if the **ADVERSE EMPLOYMENT ACTION** had not happened and the **EMPLOYEE** had remained in the same job position. For each type of benefit, state the amount the **EMPLOYER** would have paid to provide the benefit for the **EMPLOYEE** during this time period and the value of the **BENEFIT** to the **EMPLOYEE**.

⊠ 211.2  Do you contend that the **EMPLOYEE** has not made reasonable efforts to minimize the amount of the **EMPLOYEE'S** lost income? If so:
(a)    describe what more **EMPLOYEE** should have done;
(b)    state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts that support your contention; and
(c)    identify all **DOCUMENTS** that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

⊠ 211.3  Do you contend that any of the lost income claimed by the **EMPLOYEE**, as disclosed in discovery thus far in this case, is unreasonable or was not caused by the **ADVERSE EMPLOYMENT ACTION**? If so:
(a)    state the amount of claimed lost income that you dispute;
(b)    state all facts upon which you base your contention;
(c)    state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)    identify all **DOCUMENTS** that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

### 212.0  Physical, Mental, or Emotional Injuries—Interrogatories to Employee

□ 212.1  Do you attribute any physical, mental, or emotional injuries to the **ADVERSE EMPLOYMENT ACTION**? *(If your answer is "no," do not answer Interrogatories 212.2 through 212.7.)*

□ 212.2  Identify each physical, mental, or emotional injury that you attribute to the **ADVERSE EMPLOYMENT ACTION** and the area of your body affected.

□ 212.3  Do you still have any complaints of physical, mental, or emotional injuries that you attribute to the **ADVERSE EMPLOYMENT ACTION**? If so, for each complaint state:
(a)    a description of the injury;
(b)    whether the complaint is subsiding, remaining the same, or becoming worse; and
(c)    the frequency and duration.

□ 212.4  Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure section 2034) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **ADVERSE EMPLOYMENT ACTION**? If so, for each **HEALTH CARE PROVIDER** state:
(a)    the name, **ADDRESS**, and telephone number;
(b)    the type of consultation, examination, or treatment provided;
(c)    the dates you received consultation, examination, or treatment; and
(d)    the charges to date.

□ 212.5  Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **ADVERSE EMPLOYMENT ACTION**? If so, for each medication state:
(a)    the name of the medication;
(b)    the name, **ADDRESS** and telephone number of the **PERSON** who prescribed or furnished it;
(c)    the date prescribed or furnished;
(d)    the dates you began and stopped taking it; and
(e)    the cost to date.

□ 212.6  Are there any other medical services not previously listed in response to interrogatory 212.4 (for example, ambulance, nursing, prosthetics) that you received for injuries attributed to the **ADVERSE EMPLOYMENT ACTION**? If so, for each service state:
(a)    the nature;
(b)    the date;
(c)    the cost; and
(d)    the name, **ADDRESS**, and telephone number of each **HEALTH CARE PROVIDER**.

212.7  Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **ADVERSE EMPLOYMENT ACTION**? If so, for each injury state:

(a)  the name and **ADDRESS** of each **HEALTH CARE PROVIDER**;

(b)  the complaints for which the treatment was advised; and

(c)  the nature, duration, and estimated cost of the treatment.

### 213.0    Other Damages—Interrogatories to Employee

213.1  Are there any other damages that you attribute to the **ADVERSE EMPLOYMENT ACTION**? If so, for each item of damage state:

(a)  the nature;

(b)  the date it occurred;

(c)  the amount; and

(d)  the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of the nature or amount of the damage.

213.2  Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in Interrogatory 213.1? If so, identify the **DOCUMENTS** and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

### 214.0    Insurance

[X]  214.1  At the time of the **ADVERSE EMPLOYMENT ACTION**, was there in effect any policy of insurance through which you were or might be insured in any manner for the damages, claims, or actions that have arisen out of the **ADVERSE EMPLOYMENT ACTION**? If so, for each policy state:

(a)  the kind of coverage;

(b)  the name and **ADDRESS** of the insurance company;

(c)  the name, **ADDRESS**, and telephone number of each named insured;

(d)  the policy number;

(e)  the limits of coverage for each type of coverage contained in the policy;

(f)  whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and

(g)  the name, **ADDRESS**, and telephone number of the custodian of the policy.

[X]  214.2  Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **ADVERSE EMPLOYMENT ACTION**? If so, specify the statute.

### 215.0    Investigation

[X]  215.1  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **ADVERSE EMPLOYMENT ACTION**? If so, for each individual state:

(a)  the name, **ADDRESS**, and telephone number of the individual interviewed;

(b)  the date of the interview; and

(c)  the name, **ADDRESS**, and telephone number of the **PERSON** who conducted the interview.

[X]  215.2  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **ADVERSE EMPLOYMENT ACTION**? If so, for each statement state:

(a)  the name, **ADDRESS**, and telephone number of the individual from whom the statement was obtained;

(b)  the name, **ADDRESS**, and telephone number of the individual who obtained the statement;

(c)  the date the statement was obtained; and

(d)  the name, **ADDRESS**, and telephone number of each **PERSON** who has the original statement or a copy.

### 216.0    Denials and Special or Affirmative Defenses

[X]  216.1  Identify each denial of a material allegation and each special or affirmative defense in your **PLEADINGS** and for each:

(a)  state all facts upon which you base the denial or special or affirmative defense;

(b)  state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and

(c)  identify all **DOCUMENTS** and all other tangible things, that support your denial or special or affirmative defense, and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

### 217.0    Response to Request for Admissions

[X]  217.1  Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a)  state the number of the request;

(b)  state all facts upon which you base your response;

(c)  state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and

(d)  identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

JOSEPH P. ZAMPI, ESQ., #110168
GERALD B. DETERMAN, ESQ., #134905
CHRISTOPHER B. DeSAULNIERS, ESQ., #213934
Law Firm of Zampi and Associates
225 Broadway, Suite 1450
San Diego California, 92101
Telephone: (619) 231-9920
Facsimile: (619) 231-8529

Attorney for Plaintiff Elizabeth Montiel

Elizabeth Montiel

v.

Crescent Electric Supply Co.

Case No. 37-2008-00088094-CU-OE-NC

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO (NORTH COUNTY)

## PROOF OF SERVICE BY U.S. MAIL

I declare that I am employed in the County of San Diego, California. I am over the age of eighteen (18) years and not a party to the within entitled cause. My business address is 225 Broadway, Suite 1450, San Diego, California 92101.

On January 22, 2008, served the attached:

**PLAINTIFF'S FORM INTERROGATORIES – EMPLOYMENT LAW TO DEFENDANT CRESCENT ELECTRIC SUPPLY COMPANY, SET NO. ONE**

by placing a copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail, at San Diego, California, and addressed as follows:

**Crescent Electric Supply Company**
**Jeffrey J. Hoyt (Agent for Service of Process)**
**2580 Progress Street**
**Vista, CA 92083**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 22, 2008, at San Diego, California.

KRISTA J. STEINES

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | |
|---|---|
| Joseph P. Zampi, Esq. #110168<br>Gerald B. Determan, Esq. #134905<br>Zampi and Associates<br>225 Broadway, Suite 1450<br>San Diego, California 92101<br>TELEPHONE NO.: (619) 231-9920<br>FAX NO. *(Optional):* (619) 231-8529<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff Elizabeth Montiel | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
North County Superior Court
North County Vista Regional Center

SHORT TITLE OF CASE: MONTIEL V. CRESCENT ELECTRIC SUPPLY COMPANY

| **FORM INTERROGATORIES—GENERAL**<br>**Asking Party:** Plaintiff ELIZABETH MONTIEL<br><br>**Answering Party:** Defendant CRESCENT ELECTRIC SUPPLY CO.<br>**Set No.:** One (1) | CASE NUMBER:<br>37-2008-00088094-CU-OE-NC |
|---|---|

### Sec. 1.   Instructions to All Parties

(a)  Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath.  The interrogatories below are form interrogatories approved for use in civil cases.

(b)  For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c)  These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

### Sec. 2.   Instructions to the Asking Party

(a)  These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000.  Separate interrogatories, Form *Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b)  Check the box next to each interrogatory that you want the answering party to answer.  Use care in choosing those interrogatories that are applicable to the case.

(c)  You may insert your own definition of **INCIDENT** in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d)  The interrogatories in section 16.0, Defendant's Contentions—Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e)  Additional interrogatories may be attached.

### Sec. 3.   Instructions to the Answering Party

(a)  An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b)  As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared.  See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c)  Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits.  If an interrogatory cannot be answered completely, answer it to the extent possible.

(d)  If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e)  Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response.  If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f)  Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g)  If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h)  Your answers to these interrogatories must be verified, dated, and signed.  You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____   _____
   *(DATE)*                              *(SIGNATURE)*

### Sec. 4.   Definitions

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

[X]  (1)  **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Form Approved for Optional Use<br>
Judicial Council of California<br>
DISC-001 [Rev. January 1, 2008]

**FORM INTERROGATORIES—GENERAL**

Legal Solutions Plus

Code of Civil Procedure,<br>
§§ 2030.010-2030.410, 2033.710<br>
Page 1 of 8

(2) **INCIDENT** means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):*

(b) **YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

(c) **PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

(d) **DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

(e) **HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

(f) **ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

## CONTENTS

1.0   Identity of Persons Answering These Interrogatories
2.0   General Background Information—Individual
3.0   General Background Information—Business Entity
4.0   Insurance
5.0   *[Reserved]*
6.0   Physical, Mental, or Emotional Injuries
7.0   Property Damage
8.0   Loss of Income or Earning Capacity
9.0   Other Damages
10.0   Medical History
11.0   Other Claims and Previous Claims
12.0   Investigation — General
13.0   Investigation — Surveillance
14.0   Statutory or Regulatory Violations
15.0   Denials and Special or Affirmative Defenses
16.0   Defendant's Contentions Personal Injury
17.0   Responses to Request for Admissions
18.0   *[Reserved]*
19.0   *[Reserved]*
20.0   How the Incident Occurred—Motor Vehicle
25.0   *[Reserved]*
30.0   *[Reserved]*
40.0   *[Reserved]*
50.0   Contract
60.0   *[Reserved]*
70.0   Unlawful Detainer *[See separate form DISC-003]*
101.0   Economic Litigation *[See separate form DISC-004]*
200.0   Employment Law *[See separate form DISC-002]*
       Family Law *[See separate form FL-145]*

**1.0 Identity of Persons Answering These Interrogatories**

[X] 1.1 State the name, **ADDRESS**, telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. *(Do not identify anyone who simply typed or reproduced the responses.)*

**2.0 General Background Information—Individual**

2.1 State:
(a) your name;
(b) every name you have used in the past; and
(c) the dates you used each name.

2.2 State the date and place of your birth.

2.3 At the time of the **INCIDENT**, did you have a driver's license? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

2.4 At the time of the **INCIDENT**, did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

2.5 State:
(a) your present residence **ADDRESS;**
(b) your residence **ADDRESSES** for the past five years; and
(c) the dates you lived at each **ADDRESS.**

2.6 State:
(a) the name, **ADDRESS**, and telephone number of your present employer or place of self-employment; and
(b) the name, **ADDRESS**, dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

2.7 State:
(a) the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
(b) the dates you attended;
(c) the highest grade level you have completed; and
(d) the degrees received.

2.8 Have you ever been convicted of a felony? If so, for each conviction state:
(a) the city and state where you were convicted;
(b) the date of conviction;
(c) the offense; and
(d) the court and case number.

2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

☐ 2.11 At the time of the **INCIDENT** were you acting as an agent or employee for any **PERSON**? If so, state:
(a) the name, **ADDRESS**, and telephone number of that **PERSON**; and
(b) a description of your duties.

☐ 2.12 At the time of the **INCIDENT** did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the **INCIDENT**? If so, for each person state:
(a) the name, **ADDRESS**, and telephone number;
(b) the nature of the disability or condition; and
(c) the manner in which the disability or condition contributed to the occurrence of the **INCIDENT**.

☐ 2.13 Within 24 hours before the **INCIDENT** did you or any person involved in the **INCIDENT** use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
(a) the name, **ADDRESS**, and telephone number;
(b) the nature or description of each substance;
(c) the quantity of each substance used or taken;
(d) the date and time of day when each substance was used or taken;
(e) the **ADDRESS** where each substance was used or taken;
(f) the name, **ADDRESS**, and telephone number of each person who was present when each substance was used or taken; and
(g) the name, **ADDRESS**, and telephone number of any **HEALTH CARE PROVIDER** who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

### 3.0 General Background Information — Business Entity

☒ 3.1 Are you a corporation? If so, state:
(a) the name stated in the current articles of incorporation;
(b) all other names used by the corporation during the past 10 years and the dates each was used;
(c) the date and place of incorporation;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

☒ 3.2 Are you a partnership? If so, state:
(a) the current partnership name;
(b) all other names used by the partnership during the past 10 years and the dates each was used;
(c) whether you are a limited partnership and, if so, under the laws of what jurisdiction;
(d) the name and **ADDRESS** of each general partner; and
(e) the **ADDRESS** of the principal place of business.

☒ 3.3 Are you a limited liability company? If so, state:
(a) the name stated in the current articles of organization;
(b) all other names used by the company during the past 10 years and the date each was used;
(c) the date and place of filing of the articles of organization;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

☒ 3.4 Are you a joint venture? If so, state:
(a) the current joint venture name;
(b) all other names used by the joint venture during the past 10 years and the dates each was used;
(c) the name and **ADDRESS** of each joint venturer; and
(d) the **ADDRESS** of the principal place of business.

☒ 3.5 Are you an unincorporated association? If so, state:
(a) the current unincorporated association name;
(b) all other names used by the unincorporated association during the past 10 years and the dates each was used; and
(c) the **ADDRESS** of the principal place of business.

☒ 3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
(a) the name;
(b) the dates each was used;
(c) the state and county of each fictitious name filing; and
(d) the **ADDRESS** of the principal place of business.

☒ 3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:
(a) identify the license or registration;
(b) state the name of the public entity; and
(c) state the dates of issuance and expiration.

### 4.0 Insurance

☒ 4.1 At the time of the **INCIDENT**, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the **INCIDENT**? If so, for each policy state:
(a) the kind of coverage;
(b) the name and **ADDRESS** of the insurance company;
(c) the name, **ADDRESS**, and telephone number of each named insured;
(d) the policy number;
(e) the limits of coverage for each type of coverage contained in the policy;
(f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
(g) the name, **ADDRESS**, and telephone number of the custodian of the policy.

☒ 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **INCIDENT**? If so, specify the statute.

### 5.0 *[Reserved]*

### 6.0 Physical, Mental, or Emotional Injuries

☐ 6.1 Do you attribute any physical, mental, or emotional injuries to the **INCIDENT**? *(If your answer is "no," do not answer interrogatories 6.2 through 6.7).*

☐ 6.2 Identify each injury you attribute to the **INCIDENT** and the area of your body affected.

6.3 Do you still have any complaints that you attribute to the **INCIDENT?** If so, for each complaint state:
(a) a description;
(b) whether the complaint is subsiding, remaining the same, or becoming worse; and
(c) the frequency and duration.

6.4 Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **INCIDENT?** If so, for each **HEALTH CARE PROVIDER** state:
(a) the name, **ADDRESS**, and telephone number;
(b) the type of consultation, examination, or treatment provided;
the dates you received consultation, examination, or treatment; and
(d) the charges to date.

6.5 Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **INCIDENT?** If so, for each medication state:
(a) the name;
(b) the **PERSON** who prescribed or furnished it;
(c) the date it was prescribed or furnished;
(d) the dates you began and stopped taking it; and
(e) the cost to date.

6.6 Are there any other medical services necessitated by the injuries that you attribute to the **INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a) the nature;
(b) the date;
(c) the cost; and
(d) the name, **ADDRESS**, and telephone number of each provider.

6.7 Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **INCIDENT?** If so, for each injury state:
(a) the name and **ADDRESS** of each **HEALTH CARE PROVIDER;**
(b) the complaints for which the treatment was advised; and
(c) the nature, duration, and estimated cost of the treatment.

**7.0   Property Damage**

7.1 Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT?** If so, for each item of property:
(a) describe the property;
(b) describe the nature and location of the damage to the property;

(c) state the amount of damage you are claiming for each item of property and how the amount was calculated; and
(d) if the property was sold, state the name, **ADDRESS**, and telephone number of the seller, the date of sale, and the sale price.

7.2 Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a) the name, **ADDRESS**, and telephone number of the **PERSON** who prepared it and the date prepared;
(b) the name, **ADDRESS**, and telephone number of each **PERSON** who has a copy of it; and
(c) the amount of damage stated.

7.3 Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:
(a) the date repaired;
(b) a description of the repair;
(c) the repair cost;
(d) the name, **ADDRESS**, and telephone number of the **PERSON** who repaired it;
(e) the name, **ADDRESS**, and telephone number of the **PERSON** who paid for the repair.

**8.0   Loss of Income or Earning Capacity**

8.1 Do you attribute any loss of income or earning capacity to the **INCIDENT?** *(If your answer is "no," do not answer interrogatories 8.2 through 8.8).*

8.2 State:
(a) the nature of your work;
(b) your job title at the time of the **INCIDENT;** and
(c) the date your employment began.

8.3 State the last date before the **INCIDENT** that you worked for compensation.

8.4 State your monthly income at the time of the **INCIDENT** and how the amount was calculated.

8.5 State the date you returned to work at each place of employment following the **INCIDENT.**

8.6 State the dates you did not work and for which you lost income as a result of the **INCIDENT.**

8.7 State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

8.8 Will you lose income in the future as a result of the **INCIDENT?** If so, state:
(a) the facts upon which you base this contention;
(b) an estimate of the amount;
(c) an estimate of how long you will be unable to work; and
(d) how the claim for future income is calculated.

**9.0 Other Damages**

☐ 9.1    Are there any other damages that you attribute to the **INCIDENT**? If so, for each item of damage state:
(a) the nature;
(b) the date it occurred;
(c) the amount; and
(d) the name, **ADDRESS,** and telephone number of each **PERSON** to whom an obligation was incurred.

☐ 9.2    Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**10.0 Medical History**

☐ 10.1    At any time before the **INCIDENT** did you have complaints or injuries that involved the same part of your body claimed to have been injured in the **INCIDENT**? If so, for each state:
(a) a description of the complaint or injury;
(b) the dates it began and ended; and
(c) the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** whom you consulted or who examined or treated you.

☐ 10.2    List all physical, mental, and emotional disabilities you had immediately before the **INCIDENT**. *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)*

☐ 10.3    At any time after the **INCIDENT**, did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:
(a) the date and the place it occurred;
(b) the name, **ADDRESS,** and telephone number of any other **PERSON** involved;
(c) the nature of any injuries you sustained;
(d) the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** who you consulted or who examined or treated you; and
(e) the nature of the treatment and its duration.

**11.0 Other Claims and Previous Claims**

☐ 11.1    Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:
(a) the date, time, and place and location (closest street **ADDRESS** or intersection) of the **INCIDENT** giving rise to the action, claim, or demand;
(b) the name, **ADDRESS,** and telephone number of each **PERSON** against whom the claim or demand was made or the action filed;

(c) the court, names of the parties, and case number of any action filed;
(d) the name, **ADDRESS,** and telephone number of any attorney representing you;
(e) whether the claim or action has been resolved or is pending; and
(f) a description of the injury.

☐ 11.2    In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:
(a) the date, time, and place of the **INCIDENT** giving rise to the claim;
(b) the name, **ADDRESS,** and telephone number of your employer at the time of the injury;
(c) the name, **ADDRESS,** and telephone number of the workers' compensation insurer and the claim number;
(d) the period of time during which you received workers' compensation benefits;
(e) a description of the injury;
(f) the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who provided services; and
(g) the case number at the Workers' Compensation Appeals Board.

**12.0 Investigation—General**

☒ 12.1    State the name, **ADDRESS,** and telephone number of each individual:
(a) who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT**;
(b) who made any statement at the scene of the **INCIDENT**;
(c) who heard any statements made about the **INCIDENT** by any individual at the scene; and
(d) who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure section 2034).

☒ 12.2    Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **INCIDENT**? If so, for each individual state:
(a) the name, **ADDRESS,** and telephone number of the individual interviewed;
(b) the date of the interview; and
(c) the name, **ADDRESS,** and telephone number of the **PERSON** who conducted the interview.

☒ 12.3    Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **INCIDENT**? If so, for each statement state:
(a) the name, **ADDRESS,** and telephone number of the individual from whom the statement was obtained;
(b) the name, **ADDRESS,** and telephone number of the individual who obtained the statement;
(c) the date the statement was obtained; and
(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original statement or a copy.

[X] 12.4. Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:
(a) the number of photographs or feet of film or videotape;
(b) the places, objects, or persons photographed, filmed, or videotaped;
(c) the date the photographs, films, or videotapes were taken;
(d) the name, **ADDRESS,** and telephone number of the individual taking the photographs, films, or videotapes; and
(e) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

[X] 12.5 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310) concerning the **INCIDENT**? If so, for each item state:
(a) the type (i.e., diagram, reproduction, or model);
(b) the subject matter; and
(c) the name, **ADDRESS,** and telephone number of each **PERSON** who has it.

[X] 12.6 Was a report made by any **PERSON** concerning the **INCIDENT**? If so, state:
(a) the name, title, identification number, and employer of the **PERSON** who made the report;
(b) the date and type of report made;
(c) the name, **ADDRESS,** and telephone number of the **PERSON** for whom the report was made; and
(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the report.

[X] 12.7 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT**? If so, for each inspection state:
(a) the name, **ADDRESS,** and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and
(b) the date of the inspection.

### 13.0 Investigation—Surveillance

[X] 13.1 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each surveillance state:
(a) the name, **ADDRESS,** and telephone number of the individual or party;
(b) the time, date, and place of the surveillance;
(c) the name, **ADDRESS,** and telephone number of the individual who conducted the surveillance; and
(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

[ ] 13.2 Has a written report been prepared on the surveillance? If so, for each written report state:
(a) the title;
(b) the date;
(c) the name, **ADDRESS,** and telephone number of the individual who prepared the report; and
(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy.

### 14.0 Statutory or Regulatory Violations

[X] 14.1 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT**? If so, identify the name, **ADDRESS,** and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

[X] 14.2 Was any **PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT**? If so, for each **PERSON** state:
(a) the name, **ADDRESS,** and telephone number of the **PERSON**;
(b) the statute, ordinance, or regulation allegedly violated;
(c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and
(d) the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

### 15.0 Denials and Special or Affirmative Defenses

[X] 15.1 Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:
(a) state all facts upon which you base the denial or special or affirmative defense;
(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(c) identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT**.

### 16.0 Defendant's Contentions—Personal Injury

[X] 16.1 Do you contend that any **PERSON,** other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON**:
(a) state the name, **ADDRESS,** and telephone number of the **PERSON;**
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

[X] 16.2 Do you contend that plaintiff was not injured in the **INCIDENT**? If so:
(a) state all facts upon which you base your contention;
(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(c) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

[X] 16.3 Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the **INCIDENT**? If so, for each injury:
(a) identify it;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

[X] 16.4 Do you contend that any of the services furnished by any **HEALTH CARE PROVIDER** claimed by plaintiff in discovery proceedings thus far in this case were not due to the **INCIDENT**? If so:
(a) identify each service;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

[X] 16.5 Do you contend that any of the costs of services furnished by any **HEALTH CARE PROVIDER** claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:
(a) identify each cost;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

[X] 16.6 Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the **INCIDENT**? If so:
(a) identify each part of the loss;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

[ ] 16.7 Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the **INCIDENT**? If so:
(a) identify each item of property damage;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

[X] 16.8 Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:
(a) identify each cost item;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

[X] 16.9 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the **INCIDENT** by a plaintiff in this case? If so, for each plaintiff state:
(a) the source of each **DOCUMENT**;
(b) the date each claim arose;
(c) the nature of each claim; and
(d) the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT**.

[X] 16.10 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a **HEALTH CARE PROVIDER** not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)? If so, for each plaintiff state:
(a) the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER**;
(b) a description of each **DOCUMENT**; and
(c) the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT**.

**17.0 Responses to Request for Admissions**

[X] 17.1 Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:
(a) state the number of the request;
(b) state all facts upon which you base your response;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**18.0** *[Reserved]*

**19.0** *[Reserved]*

**20.0 How the Incident Occurred—Motor Vehicle**

[ ] 20.1 State the date, time, and place of the **INCIDENT** (closest street **ADDRESS** or intersection).

[ ] 20.2 For each vehicle involved in the **INCIDENT**, state:
(a) the year, make, model, and license number;
(b) the name, ADDRESS, and telephone number of the driver;

(c) the name, **ADDRESS**, and telephone number of each occupant other than the driver;

(d) the name, **ADDRESS**, and telephone number of each registered owner;

(e) the name, **ADDRESS**, and telephone number of each lessee;

(f) the name, **ADDRESS**, and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

☐ 20.3  State the **ADDRESS** and location where your trip began and the **ADDRESS** and location of your destination.

☐ 20.4  Describe the route that you followed from the beginning of your trip to the location of the **INCIDENT**, and state the location of each stop, other than routine traffic stops, during the trip leading up to the **INCIDENT**.

☐ 20.5  State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the **INCIDENT** for the 500 feet of travel before the **INCIDENT**.

☐ 20.6  Did the **INCIDENT** occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

☐ 20.7  Was there a traffic signal facing you at the time of the **INCIDENT**? If so, state:
(a) your location when you first saw it;
(b) the color;
(c) the number of seconds it had been that color; and
(d) whether the color changed between the time you first saw it and the **INCIDENT**.

☐ 20.8  State how the **INCIDENT** occurred, giving the speed, direction, and location of each vehicle involved:
(a) just before the **INCIDENT**;
(b) at the time of the **INCIDENT**; and
(c) just after the **INCIDENT**.

☐ 20.9  Do you have information that a malfunction or defect in a vehicle caused the **INCIDENT**?  If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS**, and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and
(d) state the name, **ADDRESS**, and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the **INCIDENT**? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS**, and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS**, and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.11 State the name, **ADDRESS**, and telephone number of each owner and each **PERSON** who has had possession since the **INCIDENT** of each vehicle involved in the **INCIDENT**.

**25.0**  *[Reserved]*

**30.0**  *[Reserved]*

**40.0**  *[Reserved]*

**50.0  Contract**

☒ 50.1  For each agreement alleged in the pleadings:
(a) identify each **DOCUMENT** that is part of the agreement and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(b) state each part of the agreement not in writing, the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;
(c) identify all **DOCUMENTS** that evidence any part of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(d) identify all **DOCUMENTS** that are part of any modification to the agreement, and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(e) state each modification not in writing, the date, and the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to the modification, and the date the modification was made;
(f) identify all **DOCUMENTS** that evidence any modification of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**.

☒ 50.2  Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

☒ 50.3  Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

☒ 50.4  Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation?  If so, identify each agreement terminated, the date of termination, and the basis of the termination.

☒ 50.5  Is any agreement alleged in the pleadings unenforce-able?  If so, identify each unenforceable agreement and state why it is unenforceable.

☒ 50.6  Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

**60.0**  *[Reserved]*

JOSEPH P. ZAMPI, ESQ., #110168
GERALD B. DETERMAN, ESQ., #134905
CHRISTOPHER B. DeSAULNIERS, ESQ., #213934
Law Firm of Zampi and Associates
225 Broadway, Suite 1450
San Diego California, 92101
Telephone: (619) 231-9920
Facsimile: (619) 231-8529

Attorney for Plaintiff Elizabeth Montiel

Elizabeth Montiel

v.

Crescent Electric Supply Co.

Case No. 37-2008-00088094-CU-OE-NC

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO (NORTH COUNTY)

### PROOF OF SERVICE BY U.S. MAIL

I declare that I am employed in the County of San Diego, California. I am over the age of eighteen (18) years and not a party to the within entitled cause. My business address is 225 Broadway, Suite 1450, San Diego, California 92101.

On January 22, 2008, served the attached:

**PLAINTIFF'S FORM INTERROGATORIES - GENERAL TO DEFENDANT CRESCENT ELECTRIC SUPPLY COMPANY, SET NO. ONE**

by placing a copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail, at San Diego, California, and addressed as follows:

Crescent Electric Supply Company
Jeffrey J. Hoyt (Agent for Service of Process)
2580 Progress Street
Vista, CA  92083

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 22, 2008, at San Diego, California.

KRYSTA J. STEINES

1  JOSEPH P. ZAMPI, ESQ. #110168
   GERALD B. DETERMAN, ESQ. #134905
2  CHRISTOPHER B. DeSAULNIERS, ESQ. #213934
   Law Firm of Zampi & Associates
3  225 Broadway, Suite 1450
   San Diego, California 92101
4  Telephone: (619) 231-9920
   Facsimile:  (619) 231-8529
5
   Attorneys for Plaintiff,
6  Elizabeth Montiel

7

8              SUPERIOR COURT OF CALIFORNIA

9         COUNTY OF SAN DIEGO (NORTH COUNTY)

10 ELIZABETH MONTIEL, an individual,        )  CASE NO. 37-2008-00088094-CU-OE-NC
                                            )
11              Plaintiff,                   )  **PLAINTIFF'S REQUEST FOR ADMISSIONS**
                                            )  **TO DEFENDANT CRESCENT ELECTRIC**
12         vs.                               )  **SUPPLY COMPANY**
                                            )
13 CRESCENT ELECTRIC SUPPLY COMPANY, a     )  **(C.C.P. § 2033.010 et seq.)**
   corporation; and DOES 1 through 25, inclusive,  )
14                                          )
                                            )  **SET NUMBER ONE**
15              Defendants.                  )

16

17 **PROPOUNDING PARTY:  PLAINTIFF ELIZABETH MONTIEL**

18 **RESPONDING PARTY:    DEFENDANT CRESCENT ELECTRIC SUPPLY COMPANY**

19 **SET NO.:            ONE (1)**

20 YOU ARE HEREBY REQUESTED TO ADMIT, pursuant to Code of Civil Procedure section 2033.010,

21 et seq., the truthfulness of the following requests.  Responses to these Requests for Admissions must be

22 made within 30 days from the date of service of this request upon you.  The responses should be based

23 not only on information within the personal knowledge of the parties, but also that obtainable by such

24 further investigation and research as required by law and that which is in possession of anyone acting on

25 behalf of any of the parties in the above-entitled action, including but not limited to the parties' attorneys,

26 investigators, or any other representatives.  Your failure to provide a timely response to these requests for

27 admission shall constitute a waiver of all objections to the requests, including objections based upon any

28 privilege, including the work product privilege, and shall be deemed an admission.

EACH OF THE FOLLOWING FACTS IS TRUE:

**REQUEST FOR ADMISSION NO. 1**

Admit that Defendant Crescent Electric Supply Company (hereafter "DEFENDANT") knew on or before October 12, 2006 that Plaintiff Elizabeth Montiel (hereafter "PLAINTIFF") was pregnant.

**REQUEST FOR ADMISSION NO. 2**

Admit that PLAINTIFF was eligible for 4 months of pregnancy disability leave (pursuant to California Government Code section 12945) on October 12, 2006.

**REQUEST FOR ADMISSION NO. 3**

Admit that the document attached hereto as Exhibit A is a true and correct copy of Jeff Hoyt's response to DEFENDANT's November 2, 2006 memorandum to Jeff Hoyt.

**REQUEST FOR ADMISSION NO. 4**

Admit that the document attached hereto as Exhibit B is a true and correct copy of the November 15, 2006 letter to PLAINTIFF from DEFENDANT's Payroll & Insurance Clerk Kerry Habel.

**REQUEST FOR ADMISSION NO. 5**

Admit that the document attached hereto as Exhibit C is a true and correct copy of the February 20, 2007 letter to "To Whom It May Concern" from Jeff Hoyt.

**REQUEST FOR ADMISSION NO. 6**

Admit that the branch of Crescent Electric Supply Company in which Jeff Hoyt worked on November 2, 2006, was subject to the Family Medical Leave Act of 1993 as stated on Exhibit A attached hereto.

**REQUEST FOR ADMISSION NO. 7**

Admit that PLAINTIFF was eligible for 12 weeks of California Family Rights Act leave on or about November 2, 2006.

**REQUEST FOR ADMISSION NO. 8**

Admit that PLAINTIFF was eligible for 12 weeks of California Family Rights Act leave on or about February 28, 2007.

**REQUEST FOR ADMISSION NO. 9**

Admit that DEFENDANT terminated PLAINTIFF's employment on April 9, 2007.

////

**PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT CRESCENT, SET NO. 1**

1    **<u>REQUEST FOR ADMISSION NO. 10</u>**

2    Admit that DEFENDANT cancelled PLAINTIFF's medical insurance on or before May 1, 2007.

3    **<u>REQUEST FOR ADMISSION NO. 11</u>**

4    Admit that PLAINTIFF's employment termination by DEFENDANT was unrelated to PLAINTIFF's job

5    performance.

6    **<u>REQUEST FOR ADMISSION NO. 12</u>**

7    Admit that it is DEFENDANT's policy to provide a maximum of 180 days for pregnancy.

8

9    DATED: January 21, 2008                    LAW FIRM OF ZAMPI AND ASSOCIATES

10

11                                            By: _____

12                                                CHRISTOPHER B. DeSAULNIERS
                                                 Attorney for Plaintiff,
                                                 Elizabeth Montiel

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

**CRESCENT**
**electric**
**supply**
**company**

Corporate Headquarters
7750 Dunleith Drive
East Dubuque, IL 61025
Office 815-747-3145
Fax 815-747-7720

Mail: PO Box 500
East Dubuque, IL 61025-4420

November 2, 2006

To: Jeff Hoyt

From: Payroll

Elizabeth Montiel has requested a leave of absence due to Her accident or illness. Your branch is subject to the Family Medical Leave Act of 1993. Elizabeth has met the requirement to qualify for an FMLA leave of up to 12 weeks. During this time Her employment will remain protected and She must be restored to Her original position or an equivalent position with similar pay and benefits. Our company policy allows you to grant an additional leave that can extend a disability leave for a total period of 180 days.

During the period of time that employees are on an FMLA leave or an extended disability leave they are considered as employed and their benefit package including insurance remains in effect. Employees are responsible for their portion of their insurance premiums. Payroll will make arrangements to either collect premiums in advance or upon the employee's return. If the employee fails to return to work after his or her approved period of time they may be also be responsible for Crescent's portion of their insurance premiums.

Please indicate if you wish to extend (if necessary) Elizabeth's leave beyond the period of time required by the FMLA.

___I do not wish to extend Elizabeth Montiel disability leave beyond the time required
under FMLA.

✓Elizabeth Montiel disability leave can be extended, if medically necessary, up to a total of _180_ days. (Can't exceed 180 days)

Branch Manager or Supervisor's signature _____



*Growing Together Through Customer Satisfaction*

# EXHIBIT "B"



Corporate Headquarters
7750 Dunleith Drive
**East Dubuque, IL 61025**
Office 815-747-3145
Fax 815-747-7720

Mail: PO Box 500
East Dubuque, IL 61025-4420

November 15, 2006


Elizabeth Montiel
435 Auburn Ave
San Marcos, CA 92069-1886


Dear Elizabeth,

Your position with Crescent is protected for a period of 45-days while you are absent due to a medical illness or injury. This is to inform you that your branch manager/supervisor has authorized your disability leave to be extended up to a total of <u>180</u> days if medically necessary.

Therefore, we will anticipate you returning to your regular work schedule within 180 days (by 4/9/2007). A doctor's release is required before you can resume working. Upon your return, any benefit premiums accrued while you were off will be deducted along with the current premiums until the past-due amount has been remitted. That is, premiums will be double deducted until you are current.

If you do not resume working within 180 days we will conclude you have terminated your employment. A personal payment will be required to cover any benefit premiums paid on your behalf while you were on leave. Medical coverage cannot be continued under the Cobra Plan unless premiums are current.

You are an important member of the Crescent family; we wish you a healthy and speedy recovery. Please feel free to contact Steve Redfearn, Payroll & Benefits Manager, or myself if you have any questions.


Sincerely,


Kerry Habel
Payroll & Insurance Clerk


CC: Manager/Supervisor




*Growing Together Through Customer Satisfaction*

# EXHIBIT "C"

 **crescent electric supply company**

2580 Progress Street
Vista, CA 92083
PHONE  760-597-0707
Fax  760-597-1717

Mail:  2580 Progress Street
Vista, CA 92083-8422

February 20, 2007

To Whom It May Concern:

Elizabeth Montiel has been employed by Crescent Electric Supply since August 9, 2004. She is a project specialist in our lighting department. She is a regular employee that works a minimum of 40 hours a week. She is a very competent and valued employee.

If you have any questions, please call me at 1-760-597-0707

Sincerely

Jeff Hoyt
District Manger

*Growing Together Through Customer Satisfaction*

JOSEPH P. ZAMPI, ESQ., #110168
GERALD B. DETERMAN, ESQ., #134905
CHRISTOPHER B. DeSAULNIERS, ESQ., #213934
Law Firm of Zampi and Associates
225 Broadway, Suite 1450
San Diego California, 92101
Telephone: (619) 231-9920
Facsimile: (619) 231-8529

Elizabeth Montiel

v.

Crescent Electric Supply Co.

Case No. 37-2008-00088094-CU-OE-NC

Attorney for Plaintiff Elizabeth Montiel

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO (NORTH COUNTY)

### PROOF OF SERVICE BY U.S. MAIL

I declare that I am employed in the County of San Diego, California. I am over the age of eighteen (18) years and not a party to the within entitled cause. My business address is 225 Broadway, Suite 1450, San Diego, California 92101.

On January 22, 2008, served the attached:

**PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT CRESCENT ELECTRIC SUPPLY COMPANY, SET NO. ONE**

by placing a copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail, at San Diego, California, and addressed as follows:

**Crescent Electric Supply Company**
**Jeffrey J. Hoyt (Agent for Service of Process)**
**2580 Progress Street**
**Vista, CA 92083**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 22, 2008, at San Diego, California.

KRYSTA J. STEINES

1   JOSEPH P. ZAMPI, ESQ. # 110168
    GERALD B. DETERMAN, ESQ. #134905
2   CHRISTOPHER B. DeSAULNIERS, ESQ. # 213934
    Law Firm of Zampi & Associates
3   225 Broadway, Suite 1450
    San Diego, California 92101
4   Telephone: (619) 231-9920
    Facsimile:  (619) 231-8529
5
    Attorneys for Plaintiff,
6   Elizabeth Montiel

7

8                  **SUPERIOR COURT OF CALIFORNIA**

9              **COUNTY OF SAN DIEGO (NORTH COUNTY)**

10  ELIZABETH MONTIEL, an individual,       )  CASE NO. 37-2008-00088094-CU-OE-NC
                                            )
11              Plaintiff,                  )  **PLAINTIFF'S REQUEST FOR PRODUCTION**
                                            )  **OF DOCUMENTS TO DEFENDANT**
12      vs.                                 )  **CRESCENT ELECTRIC SUPPLY COMPANY**
                                            )
13  CRESCENT ELECTRIC SUPPLY COMPANY, a     )  **(C.C.P. § 2031.010 et seq.)**
    corporation; and DOES 1 through 25, inclusive, )
14                                          )
                                            )  **SET NUMBER ONE**
15              Defendants.                 )
                                            )
16  ─────────────────────────────────────────

17  **PROPOUNDING PARTY:  PLAINTIFF ELIZABETH MONTIEL**

18  **RESPONDING PARTY:     DEFENDANT CRESCENT ELECTRIC SUPPLY COMPANY**

19  **SET NO.:**              **ONE (1)**

20          Pursuant to the California Code of Civil Procedure section 2031.010, Plaintiff Elizabeth Montiel

21  (hereinafter "PLAINTIFF") herein requests that Defendant Crescent Electric Supply Company  (hereafter

22  "DEFENDANT") produce and make available for inspection and copying each of the documents and

23  items described herein.

24          The place of inspection shall be the Law Office of Zampi and Associates, 225 Broadway, Suite

25  1450, San Diego, California 92101.  The time for inspection shall be 10:00 a.m. on February 27, 2008,

26  and continuing so long as reasonably required.  Without waiving any of PLAINTIFF's rights, in lieu of

27  producing the documents for inspection at the time stated above, PLAINTIFF will accept receipt of

28  copies of said documents if said copies are delivered to Gerald B. Determan at 225 Broadway, Suite

                                            1
─────────────────────────────────────────
**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CRESCENT, SET NO. 1**

1  1450, San Diego, California 92101, on or before the date set for inspection.   The documents to be

2  produced are set forth below:

## DEFINITIONS

The following words in **BOLDFACE** are defined as follows:

**"Document"** or **"documents"** means any kind of written, typewritten, printed or recorded material whatsoever, including but not limited to, notes, memoranda, letters, reports, telegrams, publications, contracts, recordings, electronically-stored data, photographs, videotapes, diagrams, charts, transcriptions of recordings, and business records, whether or not in your possession or under your control, relating to or pertaining in any way to the subject matter to which the request refers, and includes, without limitation, originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents whether used or not.

**"Discuss," "relating to," "regarding,"** or any variant thereof, when applied to the content of any documents, shall be understood to apply if the document mentions, described, refers to, responds to, addresses, or in any other way deals with the subject matter described in the request in which the terms or any variant thereof appears.

**"You"** or **"anyone acting on your behalf"** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

**"Vista, CA location"** means Crescent Electric Supply Company, 2580 Progress Street, Vista, CA 92083.

## DOCUMENTS WITHHELD

If any document is not produced in full because the request therefore is objected to on any grounds of any claim of privilege, trial preparation materials or any other grounds, you are directed to specify with particularity:

1.    Legal reasons for withholding;

2.    Number of requests to which the withheld document is responsive;

3.    Persons by whom and for whom the document was prepared (e.g., addressees and addressors):

PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CRESCENT, SET NO. 1

4.      Date of document;

5.      Subject matter of document;

6.      Number of pages of document;

7.      Location of document;

8.      Custodian of document.

*If an entire document is not protected by privilege or privacy rights, PLAINTIFF will accept all such documents that are responsive to the requests below which **redact** information legally protected from disclosure based on privacy and/or privilege grounds. PLAINTIFF demands compliance with this request.*

**REQUEST FOR PRODUCTION NO. 1:**

Produce PLAINTIFF's personnel file, including, but not limited to, any such documents located in California and Illinois.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all of PLAINTIFF's time sheets for 2005 until 2007.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all documents regarding health care plans in which PLAINTIFF was eligible to participate.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all documents regarding any correspondence including, but not limited to, email correspondence, between PLAINTIFF and Bobby Paxton regarding PLAINTIFF's pregnancy.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents regarding any correspondence including, but not limited to, email correspondence, between PLAINTIFF and Jeffrey Hoyt regarding PLAINTIFF's pregnancy.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all documents regarding any correspondence including, but not limited to, email correspondence, between PLAINTIFF and Kerry Habel regarding PLAINTIFF's pregnancy.

////

////

**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CRESCENT, SET NO. 1**

**REQUEST FOR PRODUCTION NO. 7:**

Produce all documents regarding any correspondence including, but not limited to, email correspondence, between PLAINTIFF and Steve Redfearn regarding PLAINTIFF's pregnancy.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all documents regarding any correspondence including, but not limited to, email correspondence, between PLAINTIFF and DEFENDANT regarding PLAINTIFF's pregnancy.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents regarding any correspondence between any of PLAINTIFF's medical care providers and DEFENDANT from January 1, 2006 until April 10, 2007.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents regarding PLAINTIFF's employment with DEFENDANT.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all documents regarding DEFENDANT's dismissal of PLAINTIFF from employment with DEFENDANT.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all employee policies and their effective dates from August 9, 2004 to the present.

**REQUEST FOR PRODUCTION NO. 13:**

Produce each DEFENDANT employee handbook from August 9, 2004 to the present.

**REQUEST FOR PRODUCTION NO. 14:**

Produce each document regarding any correspondence between Jeffrey Hoyt and DEFENDANT regarding PLAINTIFF.

**REQUEST FOR PRODUCTION NO. 15:**

Produce all documents which list all of DEFENDANT's locations in California.

**REQUEST FOR PRODUCTION NO. 16:**

Produce all documents which list employee's names, employment dates, and locations who worked at DEFENDANT's California locations at any time during 2006.

////

////

**REQUEST FOR PRODUCTION NO. 17:**

Produce all documents which list employee's names, employment dates, and locations who worked at DEFENDANT's California locations at any time during 2007.

**REQUEST FOR PRODUCTION NO. 18:**

Produce all documents which list employees and their employment dates who were eligible to take pregnancy disability leave pursuant to California Government Code section 12945.

**REQUEST FOR PRODUCTION NO. 19:**

Produce all of Jeffrey Hoyt's personnel records.

**REQUEST FOR PRODUCTION NO. 20:**

Produce Jeffrey Hoyt's job description.

**REQUEST FOR PRODUCTION NO. 21:**

Produce Kerry Habel's job description.

**REQUEST FOR PRODUCTION NO. 22:**

Produce Steve Redfearn's job description.

**REQUEST FOR PRODUCTION NO. 23:**

Produce all documents regarding any correspondence between Jeffrey Hoyt and DEFENDANT regarding California's Pregnancy Disability Leave (pursuant to California Government Code section 12945).

**REQUEST FOR PRODUCTION NO. 24:**

Produce all documents regarding any correspondence between Jeffrey Hoyt and DEFENDANT regarding California's Family Rights Act.

**REQUEST FOR PRODUCTION NO. 25:**

Produce all documents regarding any correspondence between Jeffrey Hoyt and DEFENDANT regarding California's Fair Employment and Housing Act.

**REQUEST FOR PRODUCTION NO. 26:**

Produce all documents regarding any correspondence between Jeffrey Hoyt and any employee of DEFENDANT regarding California's Pregnancy Disability Leave (pursuant to California Government Code section 12945).

**REQUEST FOR PRODUCTION NO. 27:**

Produce all documents regarding any correspondence between Jeffrey Hoyt and any employee of DEFENDANT regarding California's Family Rights Act.

**REQUEST FOR PRODUCTION NO. 28:**

Produce all documents regarding any correspondence between Jeffrey Hoyt and any employee of DEFENDANT regarding California's Fair Employment and Housing Act.

**REQUEST FOR PRODUCTION NO. 29:**

Produce all documents which show DEFENDANT's training of Jeffrey Hoyt regarding California's Pregnancy Disability Leave (pursuant to California Government Code section 12945).

**REQUEST FOR PRODUCTION NO. 30:**

Produce all documents which show DEFENDANT's training of Jeffrey Hoyt regarding California's Family Rights Act.

**REQUEST FOR PRODUCTION NO. 31:**

Produce all documents which show DEFENDANT's training of Jeffrey Hoyt regarding California's Fair Employment and Housing Act.

**REQUEST FOR PRODUCTION NO. 32:**

Produce all documents which show DEFENDANT's supervision of Jeffrey Hoyt regarding California's Pregnancy Disability Leave (pursuant to California Government Code section 12945).

**REQUEST FOR PRODUCTION NO. 33:**

Produce all documents which show DEFENDANT's supervision of Jeffrey Hoyt regarding California's Family Rights Act.

**REQUEST FOR PRODUCTION NO. 34:**

Produce all documents which show DEFENDANT's supervision of Jeffrey Hoyt regarding California's Fair Employment and Housing Act.

**REQUEST FOR PRODUCTION NO. 35:**

Any and all copies of insurance policies, including declaration pages, pamphlets or amendments, pertaining to potential coverage for any of the incidents or damages alleged by PLAINTIFF.

////

PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CRESCENT, SET NO. 1

**REQUEST FOR PRODUCTION NO. 36:**

Any and all records which reflect the current balances of all of DEFENDANT's bank accounts, including but not limited to, savings accounts, investment accounts, and checking accounts.

**REQUEST FOR PRODUCTION NO. 37:**

Any and all financial records which pertain to DEFENDANT's current operating budget.

**REQUEST FOR PRODUCTION NO. 38:**

The most recent audit that has been conducted concerning DEFENDANT's assets and financial status.

**REQUEST FOR PRODUCTION NO. 39:**

Produce any and all documents which relate to any of the incidents discussed in PLAINTIFF's civil complaint filed on January 4, 2008.

**REQUEST FOR PRODUCTION NO. 40:**

Produce any and all documents which provide notice to employees regarding the California Family Rights Act as required by California Code of Regulations, title 2, section 7297.9.


DATED: January 21, 2008                    LAW FIRM OF ZAMPI AND ASSOCIATES


By: _____
                                           CHRISTOPHER B. DeSAULNIERS
                                           Attorney for Plaintiff,
                                           Elizabeth Montiel

PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CRESCENT, SET NO. 1

JOSEPH P. ZAMPI, ESQ., #110168
GERALD B. DETERMAN, ESQ., #134905
CHRISTOPHER B. DeSAULNIERS, ESQ., #213934
Law Firm of Zampi and Associates
225 Broadway, Suite 1450
San Diego California, 92101
Telephone: (619) 231-9920
Facsimile: (619) 231-8529

<u>Elizabeth Montiel</u>
v.
<u>Crescent Electric Supply Co.</u>
Case No. 37-2008-00088094-CU-OE-NC

**Attorney for Plaintiff Elizabeth Montiel**

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO (NORTH COUNTY)

### <u>PROOF OF SERVICE BY U.S. MAIL</u>

I declare that I am employed in the County of San Diego, California. I am over the age of eighteen (18) years and not a party to the within entitled cause. My business address is 225 Broadway, Suite 1450, San Diego, California 92101.

On January 22, 2008, served the attached:

**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
CRESCENT ELECTRIC SUPPLY COMPANY, SET NO. ONE**

by placing a copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail, at San Diego, California, and addressed as follows:

**Crescent Electric Supply Company
Jeffrey J. Hoyt (Agent for Service of Process)
2580 Progress Street
Vista, CA 92083**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 22, 2008, at San Diego, California.

KRYSTA J. STEINES

1  JOSEPH P. ZAMPI, ESQ. # 110168
   GERALD B. DETERMAN, ESQ. #134905
2  CHRISTOPHER B. DeSAULNIERS, ESQ. # 213934
   Law Firm of Zampi & Associates
3  225 Broadway, Suite 1450
   San Diego, California 92101
4  Telephone: (619) 231-9920
   Facsimile:  (619) 231-8529
5
   Attorneys for Plaintiff,
6  Elizabeth Montiel

7

8                    **SUPERIOR COURT OF CALIFORNIA**

9               **COUNTY OF SAN DIEGO (NORTH COUNTY)**

10 ELIZABETH MONTIEL, an individual,        ) CASE NO.  37-2008-00088094-CU-OE-NC
                                            )
11              Plaintiff,                  ) **SPECIAL INTERROGATORIES**
                                            ) **PROPOUNDED TO DEFENDANT CRESCENT**
12    vs.                                   ) **ELECTRIC SUPPLY COMPANY**
                                            )
13 CRESCENT ELECTRIC SUPPLY COMPANY, a      ) **(C.C.P. § 2030.010 et seq.)**
   corporation; and DOES 1 through 25, inclusive, )
14                                          )
                                            ) **SET NUMBER ONE**
15              Defendants.                 )
   ─────────────────────────────────────── )

16

17 **PROPOUNDING PARTY:  PLAINTIFF ELIZABETH MONTIEL**

18 **RESPONDING PARTY:    DEFENDANT CRESCENT ELECTRIC SUPPLY COMPANY**

19 **SET NO.:            ONE (1)**

20 Pursuant to California Code of Civil Procedure section 2030.010, demand is hereby made that Defendant

21 Crescent Electric Supply Company respond to the following Special Interrogatories.  Said responses shall

22 be produced to the Law Firm of Zampi & Associates, 225 Broadway, Suite 1450, San Diego, California

23 92101 within thirty (30) days after service.

24 **SPECIAL INTERROGATORY NO. 1**

25 Identify by name, last known address, telephone number, work location, and period of employment, each

26 and every Crescent Electric Supply Company (hereafter "DEFENDANT") employee working in

27 California from August 9, 2004-present.

28 ////

                                            1
   **PLAINTIFF'S SPECIAL INTERROGATORIES TO DEFENDANT CRESCENT, SET NO. 1**

**SPECIAL INTERROGATORY NO. 2**

Identify by name, last known address and telephone number each and every person who supervised Plaintiff Elizabeth Montiel (hereafter "PLAINTIFF") from August 9, 2004-April 10, 2007.

**SPECIAL INTERROGATORY NO. 3**

State with specificity each and every factor which DEFENDANT considered in deciding to terminate PLAINTIFF's employment on or about April 9, 2007.

**SPECIAL INTERROGATORY NO. 4**

Identify by case name, number and jurisdiction all other litigation in which DEFENDANT has been involved with former employees from August 9, 2004 to present.

**SPECIAL INTERROGATORY NO. 5**

Identify by case name, number and jurisdiction all other litigation in which DEFENDANT has been involved with current employees from August 9, 2004 to present.

**SPECIAL INTERROGATORY NO. 6**

Identify by case name, number and jurisdiction all other charges or complaints filed in an outside agency including the Department of Fair Employment & Housing and/or the Equal Employment Opportunity Commission, concerning discrimination brought against DEFENDANT from August 9, 2004 to present.

**SPECIAL INTERROGATORY NO. 7**

State the name, last known address and telephone number, and dates showing the period of employment with DEFENDANT of each and every former DEFENDANT employee in California who was pregnant during her employment with DEFENDANT.

**SPECIAL INTERROGATORY NO. 8**

State the name, last known address and telephone number, and dates showing the period of employment with DEFENDANT of each and every current DEFENDANT employee in California who was pregnant during her employment with DEFENDANT.

**SPECIAL INTERROGATORY NO. 9**

State with specificity the personnel organization structure of DEFENDANT (including names of employees and hierarchical relationships between employees) for the period August 9, 2004 to present.

////

**PLAINTIFF'S SPECIAL INTERROGATORIES TO DEFENDANT CRESCENT, SET NO. 1**

**SPECIAL INTERROGATORY NO. 10**

State with specificity all training provided to Jeffrey Hoyt by DEFENDANT regarding California's Fair Employment and Housing Act.

**SPECIAL INTERROGATORY NO. 11**

State with specificity all training provided to Jeffrey Hoyt by DEFENDANT regarding California's Pregnancy Disability Leave (pursuant to Government Code section 12945).

**SPECIAL INTERROGATORY NO. 12**

State with specificity all training provided to Jeffrey Hoyt by DEFENDANT regarding California's Family Rights Act.

**SPECIAL INTERROGATORY NO. 13**

State with specificity the dates and times Jeffrey Hoyt discussed PLAINTIFF's employment and pregnancy with Steve Redfearn for the period August 20, 2006 until the present.

**SPECIAL INTERROGATORY NO. 14**

State with specificity the dates and times Jeffrey Hoyt discussed PLAINTIFF's employment and pregnancy with Kerry Habel for the period August 20, 2006 until the present.

**SPECIAL INTERROGATORY NO. 15**

State with specificity documents in DEFENDANT's possession that are admissible on the issue of DEFENDANT's financial condition.

**SPECIAL INTERROGATORY NO. 16**

State the name, last known address and telephone number of each and every employee who would be competent to testify to DEFENDANT's financial condition.

**SPECIAL INTERROGATORY NO. 17**

State with specificity (including the addresses and value) all real property assets held in the DEFENDANT'S name.

////

////

////

////

PLAINTIFF'S SPECIAL INTERROGATORIES TO DEFENDANT CRESCENT, SET NO. 1

1  <u>SPECIAL INTERROGATORY NO. 18</u>

2  State with specificity (including the name, location and value) of any personal property which includes,

3  but is not limited to vehicles, equipment, backstock, inventory, machines and collections that

4  DEFENDANT owns.

5

6  DATED: January 21, 2008                    LAW FIRM OF ZAMPI AND ASSOCIATES

7

8  By: _____
                                          CHRISTOPHER B. DeSAULNIERS
9                                         Attorney for Plaintiff,
                                          Elizabeth Montiel

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S SPECIAL INTERROGATORIES TO DEFENDANT CRESCENT, SET NO. 1

JOSEPH P. ZAMPI, ESQ., #110168
GERALD B. DETERMAN, ESQ., #134905
CHRISTOPHER B. DeSAULNIERS, ESQ., #213934
Law Firm of Zampi and Associates
225 Broadway, Suite 1450
San Diego California, 92101
Telephone: (619) 231-9920
Facsimile: (619) 231-8529

Elizabeth Montiel

v.

Crescent Electric Supply Co.
Case No. 37-2008-00088094-CU-OE-NC

**Attorney for Plaintiff Elizabeth Montiel**

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO (NORTH COUNTY)

### PROOF OF SERVICE BY U.S. MAIL

I declare that I am employed in the County of San Diego, California. I am over the age of eighteen (18) years and not a party to the within entitled cause. My business address is 225 Broadway, Suite 1450, San Diego, California 92101.

On January 22, 2008, served the attached:

**PLAINTIFF'S SPECIAL INTERROGATORIES TO DEFENDANT CRESCENT ELECTRIC SUPPLY COMPANY, SET NO. ONE**

by placing a copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail, at San Diego, California, and addressed as follows:

**Crescent Electric Supply Company**
**Jeffrey J. Hoyt (Agent for Service of Process)**
**2580 Progress Street**
**Vista, CA 92083**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 22, 2008, at San Diego, California.

KRYSTA J. STEINES