1  LEE A. MORRISON (SBN #95676)
   Union Bank of California Building
2  530 "B" Street, Suite 1410
3  San Diego, CA 92101-4479
   Tel: (619) 235-2133
4  Fax: (619) 235-4508

5  Attorney for Defendant
6  CRESCENT ELECTRIC SUPPLY COMPANY

7

8                  UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11 | ELIZABETH MONTIEL, an individual, ) No. 08cv0243 DMS CAB
                                       )
12 |        Plaintiff,                  ) **DEFENDANT CRESCENT ELECTRIC**
13 |                                    ) **SUPPLY COMPANY'S MEMORANDUM**
   | vs.                                ) **OF POINTS AND AUTHORITIES IN**
14 |                                    ) **OPPOSITION TO MOTION TO DISMISS**
   | CRESCENT ELECTRIC SUPPLY           ) **WITHOUT PREJUDICE**
15 | COMPANY, a corporation; and        )
16 | DOES 1 through 25, inclusive,      ) Hearing Date: May 2, 2008
                                        ) Hearing Time: 1:30 p.m.
17 |        Defendants.                 ) Courtroom: 10
                                        )
18                                      )
                                        )
19

20        COMES NOW, Defendant CRESCENT ELECTRIC SUPPLY COMPANY (hereafter
21  "CRESCENT ELECTRIC") to oppose Plaintiff's Motion to Dismiss without prejudice, as follows:
22                                   I.
23                          **STATEMENT OF FACTS**
24        Defendant CRESCENT ELECTRIC is a distributor of electrical supplies throughout the
25  United States. It is a Delaware corporation with its home office located in East Dubuque, Illinois.
26  It has 122 distribution facilities located in 25 states. Plaintiff ELIZABETH MONTIEL was
27  employed at the Vista, California office of CRESCENT ELECTRIC, when she commenced a
28  pregnancy leave on October 12, 2006.

Crescent – USDC MP&As Opp.doc

                                    1

When she took her leave, a letter was issued by the Human Resources office of CRESCENT ELECTRIC in East Dubuque, Illinois informing her of her leave rights. In that letter, she was told that she was entitled to unpaid leave through April 9, 2007. When she did not return on that date, the Human Resource office in East Dubuque processed her termination papers. (Declaration of Sheila Udelhofen, filed herein, ¶ 3)

The length of leave and the decision to terminate Ms. MONTIEL was not made by Jeff Hoyt. (Declaration of Sheila Udelhofen, ¶ 3; Declaration of Jeffrey Hoyt, filed herein, ¶ 2) These decisions were made entirely by personnel working in the Human Resources office of CRESCENT ELECTRIC in Dubuque, Illinois. (*Ibid.*) Jeff Hoyt, located in the Vista, California office of CRESCENT ELECTRIC, did not have knowledge of the decision to terminate Plaintiff until *after* Plaintiff was terminated. (*Ibid.*)

At the time this matter was removed, Defendant CRESCENT ELECTRIC was the only named defendant and there was complete diversity. In fact, there is complete diversity today. Plaintiff MONTIEL is a resident of California and Defendant CRESCENT ELECTRIC is a Delaware corporation with its principal place of business in East Dubuque, Illinois.

Following removal, Plaintiff MONTIEL filed this Motion to Dismiss (without prejudice) for the ostensible reason of naming Jeff Hoyt a defendant in the action. The true purpose of the motion is only lightly varnished: to destroy diversity by including a California defendant. There is no evidence presented with the motion that Jeff Hoyt was in any way responsible for the termination. Further, even if the Complaint was read in a light most favorable to Ms. MONTIEL, there is no allegation that Jeff Hoyt made the decision to terminate Plaintiff or engaged in any unlawful activity.[1]

The recent focus on Defendant's local supervisor, Jeff Hoyt, is clearly in response to Defendant's proper removal of this action to the U.S. District Court.

///

---

[1] Included in the Memorandum of Points and Authorities, Plaintiff cites the Complaint at Paragraphs 13, 21 and 24 to argue that misconduct was alleged against Mr. Hoyt in the Complaint. A close reading of the Complaint, and those paragraphs specifically, does not indicate misconduct on behalf of Mr. Hoyt. There is no allegation that Mr. Hoyt knowingly misinformed Plaintiff with respect to her leave or otherwise engaged in tortious conduct.

Crescent – USDC MP&As Opp.doc

## II

## DEFENDANT CRESCENT ELECTRIC IS CLEARLY PREJUDICED BY PLAINTIFF'S USE OF A SHAM DEFENDANT TO DESTROY DIVERSITY JURISDICTION

When a plaintiff seeks to add a non-diverse party to the action, following removal, a motion is appropriately brought pursuant to 28 U.S.C. § 1447(e), under which certain factors are weighed to determine the propriety of the motion. (*See, Clinco v. Roberts* (C.D. Cal. 1999) 41 Fed. Supp. 2d 1080, 1082-86) Section 1447(e) provides that "(i)f after removal the Plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the Court may deny joinder or permit joinder and remand the action to the State Court." (*Ibid.; also see, Newcombe v. Adolf Coors Company,* (9th Cir. 1988) 157 Fed. Supp. 686, 691; Schwarzer, Tashima, & Wagstaff, *California Practice Guide: Federal Procedure Before Trial,* § 2:1078). "Section 1447(e) gives Defendant the opportunity to object to joinder of party against whom no colorable claim can be asserted." (*Federal Civil Procedure Before Trial,* § 2:1079.2(a)) The Courts are clearly concerned that a plaintiff, faced with removal, does not improperly manipulate the forum by adding defendants to destroy diversity jurisdiction. (*See, Clinco v. Roberts,* 41 Fed. Supp. 2nd 1080, 1086) Using a Motion to Dismiss, Plaintiff MONTIEL seeks to obtain through the back door what she cannot get through the front door. (*See, Kerrin v. Federated Dept. Stores, Inc.,* (ND GA 1983) 100 FRD 715, 717)

Regardless, the outcome of Plaintiff's Motion to Dismiss turns on whether there is prejudice to the opposing party. (Rule 41(a)(2)) In determining whether there is "prejudice", by permitting dismissal so that Plaintiff can refile in State Court, it appears appropriate that the same factors be weighed as when the motion is brought pursuant to Section 28 U.S.C. 1447(e). (*See, Clinco v. Roberts,* 41 Fed. Supp. 2d at 1086; *see also, Winner's Circle of Las Vegas, Inc. v. AMI*

///
///
///

Crescent – USDC MP&As Opp.doc

3

DEFENDANT CRESCENT ELECTRIC SUPPLY COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS WITHOUT PREJUDICE

*Lee A. Morrison*
530 "B" Street, Suite 1410
San Diego, CA 92101-4479
(619) 235-2133

*Franchising, Inc.*, (D. Nev. 1996) 916 Fed. Supp. 1024, 1026)  When, following removal, a Plaintiff seeks to add a party who will destroy diversity, the following factors should be weighed:

    1. Whether it appears Plaintiff is seeking to join a party solely to destroy diversity of citizenship. (*Mayes v. Rapoport* (4th Cir. 1999) 198 Fed. 3rd 457, 463, fraudulent joinder may be a dispositive factor)

    2. The apparent validity of the claim against the new party.

    3. Whether there is an explanation for the delay in seeking to add the new party.

    4. Whether the new party is "needed for just adjudication".

    5. Whether there is prejudice to Plaintiff in not having the new defendant included (e.g., whether a judgment can be satisfied against the existing parties).

    6. Whether the statute of limitations impairs Plaintiff's ability to proceed.

(*Federal Civil Procedure Before Trial*, § 2:1078); see also, *Clinco v. Roberts*, 41 Fed. Supp. 2d at pg. 1086; and *Winner's Circle of Las Vegas, Inc. v. AMI Franchising, Inc.*, 916 Fed. Supp. at pg. 1026)

If Plaintiff sought to add a new party, pursuant a motion brought under 28 U.S.C. Section 1447(e), the factors weigh heavily against permitting the addition of a new party and the destruction of diversity jurisdiction.

    1. Plaintiff's motive for adding Mr. Hoyt is not well disguised. No specific misconduct was alleged against Mr. Hoyt in the Complaint. (*See* Complaint, attached to Notice of Removal, filed 2/7/08). No evidence of Mr. Hoyt's misconduct has been presented. In fact, all evidence before the Court indicates that the decisions made with respect to Plaintiff's termination were made in the Human Resources Department, located in Dubuque, Illinois. (*See*, Declarations of Udelhofen and Hoyt, filed herein) Mr. Hoyt is a target only because he resides in California. The use of a sham defendant to destroy diversity

Crescent – USDC MP&As Opp.doc

4

DEFENDANT CRESCENT ELECTRIC SUPPLY COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS WITHOUT PREJUDICE

can be a "dispositive factor" in determining whether the matter should remain in Federal Court. (*See, Mayes v. Rapoport,* 198 Fed. 3rd 457, 463)

    2.    The "validity of the claim" against Mr. Hoyt, or a lack thereof, is apparent from the Complaint. In the lengthy and detailed Complaint, there is no allegation of misconduct against Mr. Hoyt. Uncontroverted evidence indicates that Mr. Hoyt was not involved in the decision to terminate the Plaintiff. (*See,* Declarations of Udelhofen and Hoyt filed herein). In fact, he did not know of her termination until after the fact. (Dec. of Hoyt, ¶ 3)

    3.    Mr. Hoyt is not "needed for just adjudication". Competent counsel did not name him in the original Complaint. Mr. Hoyt's importance to this action turns solely on the fact that he is domiciled in California.

    4.    Plaintiff has not explained the reason for failure to name Mr. Hoyt originally, instead of in response to removal.

    5.    The absence of Mr. Hoyt in the Federal Court action will not "prejudice" Plaintiff. Mr. Hoyt can be made available for trial with or without a subpoena. Plaintiff will be able to satisfy a Judgment against CRESCENT ELECTRIC, with or without Mr. Hoyt.

    6.    The statute of limitations is not a factor in this case.

In short, Plaintiff's stated intention to dismiss this action in order to add Mr. Hoyt in the State Court is a thinly veiled maneuver to destroy diversity jurisdiction. Such maneuvers should not be condoned. (*Clinco v. Roberts,* 41 Fed. Supp. 2nd 1080, 1086; *see also, Winners Circle of Las Vegas, Inc. v. AMI-Franchising, Inc.,* 916 Fed. Supp. 2d at pg. 1026).

### III

### PLAINTIFF HAS NOT ARTICULATED A TRUE NEED TO DISMISS THE CASE

In determining whether to permit dismissal without prejudice, ". . . the court must bear in mind that Rule 41(a)(2) exists chiefly for the *defendant's* protection." (*Fed. Practice Guide,* § 16:357 emphasis in original; *Paulucci v. City of Duluth,* (8th Cir. 1987) 826 Fed.2d 780, 783) In

Crescent – USDC MP&As Opp.doc

*Lee A. Morrison*
530 "B" Street, Suite 1410
San Diego, CA 92101-4479
(619) 235-2133

considering the motion, the following factors are generally considered: Defendant's effort and expense in preparing for trial; Plaintiff's diligence in prosecuting the action; *Plaintiff's explanation of the need to dismiss*; and the status of the litigation. (*Phillips USA, Inc. v. Allflex, USA Inc.*, (10th Cir. 1996) 77 Fed.3d 354, 358). These factors are not determinative and they do not all need to be resolved in Plaintiff's favor in order to permit dismissal. (*Ibid.*)

In the matter at bar, two factors are particularly relevant. Plaintiff's explanation of the need to dismiss is suspect. Jeff Hoyt is not a necessary party; nor is there any colorable claim that he is liable. (*See*, Declaration of Hoyt and Udelhofen) He is a new target only because he is domiciled in California, and his addition to the action destroys jurisdiction. The suspicious explanation for the need to dismiss is made further so by the timing of the request, a second factor under *Phillips*. Plaintiff's absence of diligence in naming Hoyt is explained by the fact that Hoyt is merely a tool for divesting this Court of jurisdiction. He was not a target before removal. Plaintiff should not be permitted to use a sham defendant to manipulate the forum.

## IV

## IF DISMISSAL IS PERMITTED, THE COURT SHOULD CONDITION THE DISMISSAL ON PLAINTIFF FIRST REIMBURSING DEFENDANT FOR ATTORNEY FEES AND COSTS.

"On granting a dismissal without prejudice, the Court may, and typically does, condition the dismissal on plaintiff reimbursing defendant for costs and disbursements incurred." (*Federal Practice Guide*, § 16:366). These expenses may include nontaxable court costs, including attorneys fees. (*See, Stevedoring Services of America v. Armilla International, B.V.*, (9th Cir. 1989) 889 Fed.2d 919, 921). The award of such fees and costs is normally limited so as to reimburse fees for work product that cannot be used in later litigation on the same claim. (*Koch v. Hankins*, (9th Cir. 1983) 8 Fed.3d 650, 652)

///

///

///

Crescent – USDC MP&As Opp.doc

6

DEFENDANT CRESCENT ELECTRIC SUPPLY COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS WITHOUT PREJUDICE

If this Court is inclined to grant Plaintiff's motion, dismissal should be conditioned on Plaintiff first reimbursing Defendant CRESCENT ELECTRIC for the following costs and attorneys fees, expended for work product that cannot be used in later litigation on the same claim:

1. The filing fee in the initial Superior Court action ($320.00) and the filing fee for appearing in the U.S. District Court ($350.00) will have been wasted if dismissal is permitted. (Declaration of Morrison, filed herein, ¶ 2) (If a second action is filed in the Superior Court, Defendant CRESCENT ELECTRIC will need to pay a third appearance fee in the sum of $320.00.) Accordingly, **$670.00** in filing fees is reimbursable.

2. In connection with this Motion, Defendant's counsel has been required to expend 8.5 hours to research and draft the opposition papers. (Declaration of Morrison, ¶ 3) Defendant CRESCENT ELECTRIC is billed at the rate of $250 per hour. (*Ibid.*) The total attorney fees reimbursable is **$2,125.00**.

Had Plaintiff determined that Jeff Hoyt was a proper defendant on the front side, he would have been named as a defendant in the initial Superior Court action. Such would have obviated the need for removal and the subsequent dispute over this Court's jurisdiction. If this Court determines that Plaintiff's maneuvering has been made in good faith, and not for the purpose of manipulating the forum, it is still proper that Defendant's fees and costs be reimbursed to the extent that the work product cannot be used in later litigation. Accordingly, if this Court is inclined to grant Plaintiff's Motion to Dismiss, the order should be conditioned on Plaintiff's first reimbursing Defendant **$2,795.00** for fees and costs.

## V

## CONCLUSION

Because Plaintiff's Motion to Dismiss is merely a maneuver to manipulate the forum, it should be denied. Jeff Hoyt is a sham defendant targeted to destroy diversity jurisdiction. Accordingly, the Motion to Dismiss should be denied.

///

///

Crescent – USDC MP&As Opp.doc

7

If the Court is inclined to grant the Motion, the order should be conditioned on Plaintiff's first reimbursing Defendant CRESCENT ELECTRIC for its fees and costs in the sum of $2,795.00.

Respectfully submitted,

Dated: April 18, 2008

s/Lee A. Morrison
Attorney for Defendant
email: lamlaw@msn.com

Lee A. Morrison
530 "B" Street, Suite 1410
San Diego, CA 92101-4479
(619) 235-2133

Crescent – USDC MP&As Opp.doc

8

DEFENDANT CRESCENT ELECTRIC SUPPLY COMPANY'S MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS WITHOUT PREJUDICE