JOSEPH P. ZAMPI, ESQ. (SBN 110168)
GERALD B. DETERMAN, ESQ. (SBN 134905)
CHRISTOPHER B. DeSAULNIERS, ESQ. (SBN 213934)
Law Firm of Zampi and Associates
225 Broadway, Suite 1450
San Diego, California 92101
Telephone: (619) 231-9920
Facsimile:  (619) 231-8529

Attorneys for Plaintiff
Elizabeth Montiel

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MONTIEL, an individual,<br><br>   Plaintiff,<br><br>vs.<br><br>CRESCENT ELECTRIC SUPPLY COMPANY, a corporation; and DOES 1 through 25, inclusive,<br><br>   Defendants. | Case Number: 08cv243 DMS<br><br>**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>Date:        May 2, 2008<br>Time:        1:30 p.m.<br>Courtroom:   10<br>Judge:       Dana M. Sabraw |

## I.

## INTRODUCTION

Plaintiff ELIZABETH MONTIEL (hereinafter "Ms. Montiel" or "PLAINTIFF") respectfully submits the following Reply to Defendant Crescent Electrical Supply Company's (hereinafter "DEFENDANT") Opposition to PLAINTIFF's Motion to Dismiss Without Prejudice (hereinafter "OPPOSITION").

/////
/////
/////
/////
/////

1

## II.

## **STATEMENT OF ARGUMENT**

A.   **The Court Should Grant The Motion To Dismiss Without Prejudice Because DEFENDANT's OPPOSITION Misrepresents The Facts Before The Court.**

DEFENDANT alleges in the OPPOSITION that "[t]he length of …[Ms. MONTIEL's] leave and the decision to terminate Ms. MONTIEL was not made by Jeff Hoyt…. These decisions were made entirely by personnel working in the [DEFENDANT's] Human Resources office…." (OPPOSITION at p. 2, lines 6-9.)  Furthermore, DEFENDANT states: "all evidence before the Court indicates that the decisions made with respect to Plaintiff's termination were made in the Human Resources Department, located in Dubuque, Illinois." (OPPOSITION, p. 4, lines 24-26.)  Moreover, Mr. Hoyt and Sheila Udelhofen declare that Mr. Hoyt was not involved in the decision to terminate Ms. Montiel.  (Declaration of Jeffrey Hoyt in Opposition to Motion to Dismiss, p. 1, line 24, and Declaration of Sheila Udelhofen in Opposition of Motion to Dismiss, p. 2, lines 2-3.)

However, a November 2, 2006 memorandum was sent to Jeff Hoyt from DEFENDANT's corporate headquarters which stated that he (i.e., Jeff Hoyt) was allowed:

> to grant an additional leave that can extend a disability leave for a total period of 180 days…. Please indicate if you wish to extend (if necessary) Elizabeth's leave beyond the period of time required by the FMLA….
>
> __ I do not wish to extend Elizabeth Montiel [sic] disability leave beyond the time required under the FMLA.
>
> __ Elizabeth Montiel [sic] disability leave can be extended, if medically necessary, up to a total of ____ days.  (Can't exceed 180 days)
>
> Branch Manager or Supervisor's signature _____

(See Exhibit "A" of Declaration of Christopher B. DeSaulniers in Support of Reply.)  (Emphasis added.)

The second option (sentence beginning with "Elizabeth") has a checkmark at the beginning and "180" was written in the blank space.  The document was signed in the space asking for the "Branch Manager or Supervisor's signature."  Thus, Jeffrey Hoyt was authorized to and decided to extend Ms. Montiel's leave up to 180 days, and thereby decided her termination date.

////

In addition, a November 15, 2006 letter to Ms. Montiel from DEFENDANT's corporate headquarters stated:

> This is to inform you that your branch manager/supervisor has authorized your disability leave to be extended up to a total of <u>180</u> days if medically necessary.... Therefore, we will anticipate you returning to your regular work schedule within 180 days (by 4/9/2007).

(See Exhibit "B" of Declaration of Christopher B. DeSaulniers in Support of Reply.) <u>This letter was copied to the "Manager/Supervisor.</u>" Jeff Hoyt is DEFENDANT's Regional Manager at its Vista, California distribution facility. (See Declaration of Jeffrey Hoyt in Opposition to Motion to Dismiss, p. 1, lines 22-23.)

In summary, DEFENDANT misrepresents the facts when alleging that Mr. Hoyt was not involved in the decision to terminate Ms. Montiel, and that the length of leave and decision to terminate Ms. Montiel was made "entirely by personnel" working in Illinois. In fact, the November 2, 2006 memorandum authorizes Jeffrey Hoyt to determine the length of leave granted to Ms. Montiel. Moreover, <u>the attached documents irrefutably show that it was Jeffrey Hoyt who determined how much leave Ms. Montiel could take and the date of her termination – 180 days after her leave started</u>. Therefore, DEFENDANT's allegations are baseless.

DEFENDANT also claims that Mr. Hoyt "did not have knowledge of the decision to terminate Plaintiff until *after* Plaintiff was terminated." (OPPOSITION at p. 2, lines 9-11.) However, Mr. Hoyt was copied on the above-referenced November 15, 2006 letter from DEFENDANT's corporate headquarters which stated that Ms. Montiel would be terminated on April 9, 2007 unless she returned to work. Thus, the decision to terminate Ms. Montiel if she did not return by April 9, 2007 was made by November 15, 2006, and Mr. Hoyt was an integral part of that decision. Moreover, Mr. Hoyt was Ms. Montiel's Branch Manager/Supervisor and he knew that she did not return to work by April 9, 2007, and thus failed to meet the mandatory requirement imposed by DEFENDANT's November 15, 2006 letter. Therefore, DEFENDANT's claim that Mr. Hoyt did not have knowledge of the decision to terminate Ms. Montiel is preposterous.

For the above reasons, adding Jeffrey Hoyt as a defendant is not an "ostensible," "lightly varnished," or "thinly veiled" reason for the Motion to Dismiss Without Prejudice. (See OPPOSITION,

p. 2, lines 17-18, and p. 5, line 20.) Mr. Hoyt was responsible, along with DEFENDANT, for violating Ms. Montiel's leave rights and her termination, and such conduct was in unlawful retaliation for Ms. Montiel asserting her leave rights, among other reasons.

      B.    <u>The Court Should Grant The Motion To Dismiss Without Prejudice Because DEFENDANT Has Suffered No Prejudice.</u>

DEFENDANT claims that "Plaintiff is seeking to join a party solely to destroy diversity of citizenship" and that the claim against Mr. Hoyt is invalid. (OPPOSITION, p. 4, line 21 through p. 5, line 8.) DEFENDANT also claims that no "evidence of Mr. Hoyt's misconduct has been presented" and that all evidence "indicates that the decisions made with respect to" Ms. Montiel's termination were made in the corporate headquarters. (OPPOSITION, p. 4, lines 23-26.) However, Mr. Hoyt determined how much leave Ms. Montiel was permitted and the date of her termination. (See Exhibits "A" and "B" of Declaration of Christopher B. DeSaulniers in Support of the Reply.) Mr. Hoyt also misled Ms. Montiel regarding her leave and her employment status. (See Notice of Motion and Motion to Dismiss Without Prejudice, p. 2, line 19-24.) Ms. Montiel relied on Mr. Hoyt's misrepresentations to her detriment. (*Ibid.*) Therefore, DEFENDANT's assertions are baseless.

DEFENDANT also claims that Mr. Hoyt is not "'needed for just adjudication.'" (OPPOSITION, p. 5, lines 9-11.) However, evidence exists that Mr. Hoyt was retaliating against Ms. Montiel through his involvement in her termination and through misleading her to her detriment. (Notice of Motion and Motion to Dismiss, p. 2, lines 19-24.) Therefore, to resolve the retaliation claim against Mr. Hoyt, he is needed as a defendant for "just adjudication."

The reason that no individual defendants were named in the original complaint is that Ms. Montiel planned to review DEFENDANT's discovery responses and then name only those individual defendants against whom a colorable claim could be made and whose liability was clear. While the facts certainly indicated Mr. Hoyt's involvement and potential liability, Ms. Montiel wanted to ensure an abundance of evidence supported the claims against Mr. Hoyt. Ms. Montiel also wanted to ensure that naming Mr. Hoyt as an individual defendant could not viewed as a harassment tactic. However, as a result of Mr. Hoyt's false statements in his Declaration attached to DEFENDANT's OPPOSITION, in which he declared that he had no involvement in the decision to terminate Ms. Montiel, Mr. Hoyt is now

subject to impeachment. Thus, Ms. Montiel has additional evidence to support the claims against Mr. Hoyt. In fact, Mr. Hoyt's Declaration would support a jury finding that he is not truthful.

Therefore, the Court should grant the motion to dismiss without prejudice because DEFENDANT has suffered no prejudice.

C. **The Court Should Grant The Motion To Dismiss Without Prejudice Because PLAINTIFF's Explanation Of The Need To Name Jeffrey Hoyt As A Defendant Is Supported By The Evidence.**

DEFENDANT claims that Ms. Montiel has not articulated a true need to dismiss the case. (OPPOSITION, p. 5, line 23 through p. 6, line 13.) DEFENDANT's claim is based on its assertion that Mr. Hoyt is in no way responsible for Ms. Montiel's termination. (See *id.* and OPPOSITION, p. 2, lines 6-7.) However, Ms. Montiel has explained in detail in the Motion to Dismiss how Mr. Hoyt's actions were unlawful retaliation. Additionally, as stated above, Mr. Hoyt determined how much leave Ms. Montiel would receive and her termination date. (See Exhibits "A" and "B" of Declaration of Christopher B. DeSaulniers in Support of the Reply.) Therefore, adding Mr. Hoyt as a defendant is supported by the evidence, whereas DEFENDANT's claim has no evidentiary support.

D. **The Court Should Grant The Motion To Dismiss Without An Award Of Attorney's Fees And Costs Or Any Imposed Terms And Conditions.**

DEFENDANT claims that Ms. Montiel naming Jeffrey Hoyt as a defendant in the original complaint "would have obviated the need for removal and the subsequent dispute over this Court's jurisdiction." (OPPOSITION, p. 7, lines 14-16.) However, DEFENDANT again misstates the facts. There was no "need for removal." Removal was a strategic decision made by DEFENDANT. The case was originally filed and could have remained in California Superior Court. Moreover, because DEFENDANT answered no discovery prior to removal, DEFENDANT has more information than Ms. Montiel (such as the corporate DEFENDANT's correspondence filed herewith) regarding who else could be named as a defendant from California. Therefore, DEFENDANT's request for attorney's fees and costs should be denied.

Stated simply, DEFENDANT had in its possession the documents which show Jeffrey Hoyt's involvement in the unlawful termination of Ms. Montiel, including <u>his</u> decision as to when she would be

terminated if she did not return to work, even though that termination date violated Ms. Montiel's rights. Even with this knowledge of Mr. Hoyt's involvement and unlawful conduct, DEFENDANT nonetheless decided to remove the case. Under these circumstances, Ms. Montiel certainly cannot be responsible for DEFENDANT's decision to remove the case, and the request for attorney's fees must be denied.

Accordingly, the Motion to Dismiss should be granted without prejudice and without any terms and conditions.

### III.

### CONCLUSION

For the reasons stated above, the Motion to Dismiss Without Prejudice should be granted. DEFENDANT misstates the facts by claiming that Mr. Hoyt did not decide Ms. Montiel's length of leave or termination date. The evidence rebuts such claims. Nor does the evidence support DEFENDANT's claims that Mr. Hoyt would be a sham defendant, DEFENDANT's claim of prejudice if the case is dismissed, or that Ms. Montiel has not articulated a true need to dismiss the case. Additionally, because of these reasons, the dismissal should be granted without prejudice and without the award of attorney's fees and costs or any other terms or conditions. Accordingly, PLAINTIFF asks that the Motion to Dismiss Without Prejudice be granted.

DATED: April 24, 2008

Respectfully submitted,

LAW FIRM OF ZAMPI AND ASSOCIATES

By: *[signature]*
GERALD B. DETERMAN

By: *[signature]*
CHRISTOPHER B. DESAULNIERS
Attorneys for Plaintiff, Elizabeth Montiel