# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MONTIEL,<br><br>                    Plaintiff,<br>    vs.<br><br>CRESCENT ELECTRIC SUPPLY COMPANY,<br><br>                    Defendant. | CASE NO. 08CV0243<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE** |

On February 7, 2008, Plaintiff's Complaint alleging unlawful termination of employment was removed to federal court, accompanied by the Answer filed in state court. (Doc. 1-2). On March 5, 2008, Plaintiff moved to dismiss the action without prejudice, allowing her to re-file in state court and add a non-diverse Defendant: Jeffrey J. Hoyt, an employee of Defendant allegedly involved in the decision to terminate Plaintiff's employment. (Mot. at 7). The motion is granted for the reasons set forth below.

Federal Rule of Civil Procedure 41(a) governs the voluntary dismissal of an action. Once a defendant files an answer or motion for summary judgment, or the parties stipulate to the dismissal of the action, Rule 41(a)(2) provides, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Unless the order states otherwise, a dismissal . . . is without prejudice." *Id.* The decision to grant or deny a motion pursuant to Rule 41(a)(2) rests "within the sound discretion of the trial court and may be reviewed only

1  for abuse of discretion." *Id.*; *accord Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002). Because
2  Defendant has answered the Complaint, Rule 41(a)(2) applies.

3        In the ordinary course of events, a motion for dismissal under Rule 41(a)(2) is granted unless
4  the defendant will "suffer clear legal prejudice, other than the prospect of a subsequent suit on the
5  same facts." *Phillips v. Illinois Cent. Gulf Railroad*, 874 F.2d 984, 986 (9th Cir. 1989). The Ninth
6  Circuit interprets "legal prejudice" narrowly. The prejudice must affect "some legal interest, some
7  legal claim, [or] some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th
8  Cir. 1996). "[T]he inconvenience of defending another lawsuit or the fact that the defendant has
9  already begun trial preparations does not constitute prejudice." *In re Lowenschus*, 67 F.3d 1394, 1400-
10 01 (9th Cir. 1995).

11       Defendant argues that because Plaintiff has moved for voluntary dismissal for the express
12 purpose of adding a non-diverse defendant in a second round of state court litigation, the Court should
13 apply the factors considered when deciding a motion to join a non-diverse party following removal
14 pursuant to 28 U.S.C. § 1447(e). In deciding a Section 1447(e) motion, the Court may consider
15 whether it appears Plaintiff is seeking to join a party solely to destroy diversity of citizenship. *Mayes*
16 *v. Rapoport*, 198 F.3d 457, 463 (4th Cir.). Thus, Defendant's chief argument is that Plaintiff should
17 not be permitted to voluntarily dismiss without prejudice because Plaintiff proposes to add Mr. Hoyt
18 to her proposed state court action for the sole purpose of destroying diversity and manipulating the
19 forum. (Opp. at 6). Defendant argues that because Plaintiff may be prohibited from joining Mr. Hoyt
20 under Section 1447(e), the Court should not permit Plaintiff to voluntarily dismiss her action under
21 Rule 41, thereby allowing her to "obtain through the back door what she cannot get through the front
22 door." (Opp. at 3).

23       With few exceptions, however, courts have recognized that judicial approval of voluntary
24 dismissal turns not on Plaintiff's motive for dismissing, but instead on the degree of legal prejudice
25 to Defendant. *See, e.g., Home Owners' Loan Corp. v. Huffman,* 134 F.2d 314, 317-318 (8th Cir. 1943)
26 ("Upon a plaintiff's motion to dismiss without prejudice the equities of the plaintiff are not a subject
27 for consideration under the rule," and in particular, "the plaintiff's reasons for desiring to dismiss are
28 immaterial."); *B&J Mfg. v. D.A. Frost Indus., Inc.,* 106 F.R.D. 351, 352 (D. Ohio 1985) (Plaintiff's

1  "reasons for desiring dismissal [are] immaterial."); *Spencer v. Moore Bus. Forms Inc.,* 87 F.R.D. 118,
2  119 (N.D. Ga. 1980)(Plaintiff's intentions "of no consequence."). Moreover, courts allow dismissals
3  without prejudice in removed actions "so that a plaintiff may proceed with the litigation in a state
4  court, even if the intention or result is to defeat federal diversity jurisdiction." *Hunter v.*
5  *Surgitek/Medical Engineering Corp.*, 1992 U.S. Dist. LEXIS 9696 (N.D. Ind. 1992); *See also Grivas*
6  *v. Parmelee Transport Co.,* 207 F.2d 334, 338 (7th Cir. 1953). *See generally, Bader v. Electronics for*
7  *Imaging, Inc.*, 195 F.R.D. 659, 662-663 (N.D. Cal. 2000) (court granted voluntary dismissal to pursue
8  pending parallel state action, even though change from federal to state court might create tactical
9  disadvantage to defendants.)
10      Here, Defendant has alleged no legal prejudice and none appears to exist. Plaintiff filed her
11 motion less than one month after removal, the parties have conducted no formal discovery, and
12 Defendant does not allege the unavailability of a relevant defense in state court. The potential tactical
13 advantage gained by Plaintiff does not constitute legal prejudice. *Hamilton v. Firestone*, 679 F.2d 143,
14 145 (9th Cir. 1982) (legal prejudice does "not result simply when [a] defendant faces the prospects of
15 a second lawsuit or when [a] plaintiff merely gains some tactical advantage.")
16      For these reasons, Plaintiff's motion is granted and the action is dismissed without prejudice.
17 **IT IS SO ORDERED.**

19 DATED: April 30, 2008

21               HON. DANA M. SABRAW
                 United States District Judge